HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellants,

v.

WORLD HOUSTON, INC., Appellee.

No. 14–94–00409–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion of Aug. 24, 1995 Withdrawn;
Reversed and Remanded and Opinion
Filed Aug. 31, 1995.

Robert P. McConnell, Houston, for appellants.

William Ikard, Austin, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## CORRECTED OPINION

HUDSON, Justice.

Harris County Appraisal District ("Appraisal District") and Harris County Appraisal Review Board ("Review Board") bring this appeal from a dispute over the appraised market value of nine tracts of land owned by appellee, World Houston, Inc. ("World Houston"). Appellants complain of the trial court's decision to refer the parties to binding arbitration. Because the trial court had no authority to send the parties to arbitration, we reverse the trial court's judgment.

This appeal requires us to interpret and compare the scope of review authorized by two provisions of the Tax Code ("Code") which permit a property owner to challenge the appraised value of his property as determined by a county appraisal district. We believe the provisions are mutually exclusive and distinct. The property owner may contest an appraisal under either section of the Code, but not both.

The preferred method of challenging an appraisal begins when the property owner files a "protest" with the appraisal review board pursuant to section 41.41 of the Code. The property owner is entitled to appear before the review board and to offer evidence or argument in support of his protest. TEX. TAX CODE ANN. § 41.45 (Vernon 1992). If the property owner is dissatisfied with the written decision of the review board, he has the right to appeal by arbitration or by trial de novo in the district court. TEX.TAX CODE ANN. §§ 42.01, 42.225, 42.23 (Vernon 1992). After review by trial de novo, the dissatisfied property owner may elect to appeal from the district court's judgment to the appellate courts. TEX.TAX CODE ANN. § 42.28 (Vernon 1992).

If a property owner fails to timely file a protest as outlined in Chapter 41, the law provides a second, but very limited, avenue by which he can seek relief. Section 25.25(d) of the Code permits the property owner to file a "motion" with the appraisal review

board to rectify an error that resulted in an incorrect value for his land. TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992). This remedy, however, contains major disincentives. The statute does not authorize the correction of an error unless the appraised value exceeds the correct value of the property by more than one-third. Additionally, the property owner must pay a "late-correction penalty" equal to ten percent of the taxes as calculated on the basis of the corrected appraisal. Finally, the statute provides that after receiving notice of the review board's determination of his motion, he "may file suit to compel the board to order a change in the appraisal roll *as required by this section.*" TEX.TAX CODE ANN. § 25.25(g) (Vernon 1992) (emphasis added). We do not interpret this provision as authorizing an appeal by way of arbitration or a trial de novo pursuant to Chapter 42 of the Code. The scope of the "review" under this statute is strictly limited to ascertaining whether the review board performed its mandatory responsibilities under section 25.25.

This case comes to us by way of an appeal from a correction motion filed under section 25.25. The facts are undisputed. World Houston owns nine tracts of unimproved land which the Appraisal District valued at $10,711,750, or approximately $2.00 per square foot, for the 1991 tax year. World Houston did not protest this appraised value within the time frame the Code allows for such protests, opting instead to wait until after the appraisal rolls were approved for that tax year to assert that the value was incorrect in a section 25.25 motion. At the hearing on World Houston's motion, the review board corrected the original appraised value by reducing the aggregate appraised value for the nine tracts of land to $6,677,000, or approximately $1.25 per square foot. After receiving the order from the review board reflecting this correction, World Houston was dissatisfied with the extent of the relief and notified the chief appraiser it intended to appeal.

Appellants assert the trial court erred in adopting the arbitrator's findings because the Code does not authorize this remedy for a property owner under section 25.25.

World Houston, however, contends the appellate provisions contained in Chapter 42 are applicable even in an "appeal" brought under section 25.25(g). We hold Chapter 42 does not apply to a section 25.25 correction procedure. Thus, the arbitration ordered by the trial court was not authorized because arbitration is a type of appellate review set out in Chapter 42.

Section 42.01 sets out only three types of orders that may be appealed pursuant to the procedures outlined in Chapter 42:

(1) an order of the appraisal review board determining a protest by the property owner as provided by Subchapter C of Chapter 41 of this code; or

(2) an order of the comptroller determining a protest by the property owner of the appraisal, interstate allocation, or intrastate apportionment of transportation business intangibles as provided by Subchapter A, Chapter 24, of this code; or

(3) an order of this comptroller issued by Subchapter B, Chapter 24 of this code apportioning among the counties the appraised value of railroad rolling stock owned by the property owner.

TEX.TAX CODE ANN. § 42.01 (Vernon 1992). Section 42.01 makes no mention of section 25.25. Thus, the plain language of section 42.01 forecloses the possibility of an appeal from any of the corrective measures listed under section 25.25.

World Houston claims the whole of Chapter 42 applies in this case because of the Code's provision that "a property owner is entitled to protest before the appraisal review board ... any other action ... that applies to and adversely affects the property owner." TEX.TAX CODE ANN. § 41.41(9) (Vernon 1992). We find that this section's use of the term "protest" refers to the specific procedure set forth in Chapter 41. Section 25.25 is not a protest procedure as that term is understood in the Code in Chapter 41. The distinction between a protest and a correction motion is illustrated by the language used in section 25.25 that states "the roll may not be changed under this subsection if the property was the subject of a *protest* brought by the property owner under Chapter 41." TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992)

(emphasis added). We find this language illustrates a purposeful distinction between a protest and a correction procedure and does not authorize judicial review pursuant to Chapter 42.

World Houston also contends the reference in section 25.25(e) to section 42.08 of the Code indicates an intent that the two chapters be interactive. TEX.TAX CODE ANN. § 25.25(e). We disagree. The reference to section 42.08 only defines in shorthand form the manner in which a property owner must pay his taxes to pursue his administrative remedy under section 25.25(e). Section 42.08 specifies the amount of taxes that a property owner must pay to avoid being considered delinquent on his taxes, and, most importantly, it refers only to "appeals as provided by this chapter." TEX.TAX CODE ANN. § 42.08(a)–(b). Because the plain language of section 42.08 refers only to appeals authorized by section 42.01, it is logical that the provisions of section 25.25, concerning a separate proceeding, must contain a specific reference to section 42.08 if the same payment provisions are to be made applicable to a correction motion. The reference to section 42.08 in section 25.25(e) does not imply that the whole of Chapter 42 applies to a review board's determination of a correction motion.

Section 25.25 itself is instructive in resolving the question of a trial court's jurisdiction over the correction procedures. The section specifies a particular manner of judicial review for actions brought under this section:

> Within 45 days after receiving notice of the appraisal review board's determination of a motion under this section, the property owner or chief appraiser may file suit to compel the board to order a change in the appraisal roll as required by this section.

TEX.TAX CODE ANN. § 25.25(g) (Vernon 1992).

We interpret this section as manifesting the legislature's intent to limit judicial review of an appraisal review board's decision. The legislature authorized a trial court to act only in those cases where its authority is necessary to compel the review board to comply with its duties under this section. Those duties include holding required hearings, taking evidence, or making the actual correc-

tions to the appraisal roll. *See* TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992).

Basic principles of statutory interpretation require us to examine the plain language of the statute unless it is unclear or ambiguous. *One 1985 Chevrolet v. State,* 852 S.W.2d 932, 935 (Tex.1993). We should, if possible, discern legislative intent from the plain language of the statute itself and need not resort to statutory construction unless the statute is ambiguous. *Maley v. 7111 Southwest Freeway, Inc.,* 843 S.W.2d 229, 231 (Tex.App.—Houston [14th Dist.] 1992, writ denied). In this case, the statutory language is clear and unambiguous. If the legislature intended to apply the provisions of judicial review available in Chapter 42 to proceedings brought under section 25.25, it could easily have done so.

In those cases which mention section 25.25 as a basis for an appeal, property owners have been limited to raising issues within the narrow scope of the statute. *See, e.g., Collin County Appraisal Dist. v. Northeast Dallas Associates,* 855 S.W.2d 843, 848 (Tex.App.—Dallas 1993, no writ) (when an erroneous appraised value was not the result of a clerical error, but from error in judgment and reasoning, it could not be corrected under section 25.25(c)); *Matagorda County Appraisal Dist. v. Conquest Exploration Co.,* 788 S.W.2d 687, 692–93 (Tex.App.—Corpus Christi 1990, no writ) (classification of a taxpayer's tax liability for greater percent working interest in gas wells was a judicial rather than clerical error). Some courts have held the correction procedure is an administrative prerequisite for judicial review. These courts have not drawn distinctions between Chapter 41 "protests" and section 25.25 "motions." but have categorized both as administrative remedies which must be pursued as a prerequisite to appeal. *See, e.g., Brooks County Central Appraisal Dist. v. Tipperary Energy,* 847 S.W.2d 592, 596 (Tex.App.—San Antonio 1992, no writ) (referring to section 25.25 as providing another remedy for taxpayers in addition to protest remedy described in Chapters 41 and 42 and finding trial court had jurisdiction because property owner complied with administrative remedy in section 25.25); *Conquest Exploration,* 788 S.W.2d at 692 (finding district court had no

jurisdiction over the dispute because property owner failed to exhaust his administrative remedies by complying with the correction procedure available in section 25.25(c)); *Liland v. Dallas County Appraisal Dist.*, 731 S.W.2d 109, 112 (Tex.App.—Dallas 1987, no writ) (dismissing for lack of jurisdiction property owner's complaint of clerical error because he failed to comply with administrative remedy provided in section 25.25(c)).

One court questioned its jurisdictional authority based on the failure of section 42.01 to list section 25.25 as one of the actions that may be reviewed by utilizing the procedures outlined in Chapter 42. *Fort Bend Central Appraisal Dist. v. Hines Nurseries*, 844 S.W.2d 857, 858 n. 2 (Tex.App.—Texarkana 1992, writ denied). In that case, the court ignored the jurisdictional question based on the parties' failure to complain.[1] However, all of these cases apply section 25.25 as it existed prior to the amendment which added subsection (g). Before the amendment, the statute was silent regarding the possibility of an appeal. The addition of subsection (g) authorizes some "review" of the appraisal review board's decision, but only in the limited context of compelling the board to perform the functions required of it by section 25.25.[2]

Sections 42.01 and 25.25(g) are unambiguous. The appraisal review board's disposition of a correction motion may be "appealed" only insofar as the board fails to act pursuant to its duties imposed by section 25.25. Arbitration is an avenue of appeal for a property owner who has timely filed a protest pursuant to section 41.41. It is not available here because World Houston relied on a correction motion as authorized by section 25.25.

The judgment of the trial court is reversed and the cause is remanded to the trial court.

---

1. *But see H.E. Butt Grocery Co., v. Bay, Inc.*, 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied) (stating basic rule that jurisdiction is fundamental and may be raised at any time, even on court's own volition, because court has duty to inquire into its own jurisdiction).

2. To the extent they presume to apply the provisions of Chapter 42 to a section 25.25 proceeding, we decline to follow *Tipperary Energy, Conquest Exploration*, and their progeny.