G.E. AMERICAN COMMUNICATION, Appellant,

v.

GALVESTON CENTRAL APPRAISAL DISTRICT and Galveston County Appraisal Review Board, Appellees.

WORLD HOUSTON, INC., Appellant,

v.

HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.

Nos. 14–96–00483–CV, 14–97–00119–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 15, 1998.

Jay Breedveld, William Ikard, Austin, for appellants.

Anthony P. Brown, Kenneth J. Bower, Galveston, for appellees.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

This is a consolidated appeal concerning the standard of review under section 25.25(g) of the Texas Tax Code. TEX. TAX CODE ANN. § 25.25(g) (Vernon 1992). Appellants, G.E. American Communication, Inc. (G.E.American) and World Houston, Inc. (World Houston), filed separate suits in district court seeking review of the appraisal review boards' determination of the value of their respective properties. G.E. American brings its appeal from a summary judgment granted in favor of appellees, Galveston Central Appraisal District and Galveston County Appraisal Review Board (Galveston County appellees). World Houston appeals from the trial court's judgment in favor of the Harris County Appraisal District and Harris County Appraisal Review Board (Harris County appellees). We affirm in part, and reverse and remand in part.

### G.E. AMERICAN'S APPEAL

The appraisal district valued certain satellite uplink and downlink equipment owned by G.E. American at $1,814,460.00 for tax year 1995. G.E. American disagreed with this amount and challenged the valuation. Instead of filing a protest under Ch. 41, the preferred avenue for challenging appraisals, G.E. American chose to file a motion to correct a substantial error under section 25.25(d). After holding a hearing,[1] the Galveston County Appraisal Review Board (GCARB) denied G.E. American's motion.

G.E. American then filed suit in district court to compel the GCARB to order a change in the appraisal roll under section 25.25(g). The Galveston County appellees moved for summary judgment arguing G.E. American could not raise the issue of valuation in a section 25.25(g) lawsuit. The trial court granted summary judgment and ren-

dered a take-nothing judgment against G.E. American.

In its first and second points of error, G.E. American contends the trial court erroneously concluded it could not conduct a substantive review of the appraisal review board's decision. G.E. American claims that Section 25.25 provides for a trial de novo, and the trial court erred when it failed to conduct any substantive review of the decision.

### Tax Code remedies

All taxable property is appraised at its market value on January 1 of each year. See TEX. TAX CODE ANN. § 23.01 (Vernon 1992). This evaluation is made by an appraisal district. See TEX. TAX CODE ANN. § 6.01 (Vernon 1992). Using these evaluations, the appraisal district creates an appraisal roll that is then distributed to the various taxing units. Because errors, both clerical and judicial, may lead to an incorrect evaluation, the legislature has established two methods of challenging a tax appraisal. See *Harris County Appraisal Dist. v. World Houston, Inc.*, 905 S.W.2d 594, 594–95 (Tex.App.—Houston [14 th Dist.] 1995, no writ).

■ The method offering the greatest advantage to the property owner is the filing of a protest with the appraisal review board. See TEX. TAX CODE ANN. § 41.41 (Vernon Supp.1998). If his protest is filed timely, the property owner is entitled to a hearing where he may offer evidence and argument. See TEX. TAX CODE ANN. §§ 41.44, 41.45 (Vernon 1992). If he is dissatisfied with the decision of the appraisal review board, the property owner is authorized to appeal by a trial de novo in the district court. See TEX. TAX CODE ANN. §§ 42.01, 42.21, 42.23 (Vernon 1992). The district court's judgment is, in turn, subject to review by this Court. See TEX. TAX CODE ANN. § 42.28 (Vernon 1992).

■ A second, more limited challenge, may be made by filing a correction motion with the appraisal review board. See TEX. TAX CODE ANN. § 25.25 (Vernon 1992). The correction motion is designed to correct cleri-

---

1. G.E. American appeared at this hearing by affidavit as permitted by TEX. TAX CODE ANN.

§ 41.45(b) (Vernon 1992).

cal errors and *substantial* judicial errors which resulted in the appraised value of the property exceeding by more than one-third the correct market value of the property. *See* TEX. TAX.CODE ANN. § 25.25(d) (Vernon 1992). The property owner is entitled to a hearing on his motion and may present evidence and argument on his behalf. *See* TEX. TAX.CODE ANN. § 25.25(e) (Vernon 1992). Formerly, there was no statutory provision for an appeal from such determination. In 1991, however, the legislature amended the statute to authorize a property owner to "file suit to compel the board to order a change in the appraisal roll as required by this section." *See* TEX. TAX CODE ANN. § 25.25(g) (Vernon 1992).

After the appraisal review board overruled G.E. American's motion to correct the appraisal role, G.E. American sued the appraisal review board under the authority of Section 25.25(g) to compel it to make changes in the appraisal role. The next issue, therefore, is what standard should the trial court have employed in its review of the proceeding.

### Standards of Review

■ Texas has recognized four types of review from an administrative decision: (1) pure trial de novo; (2) pure substantial evidence; (3) substantial evidence de novo; and (4) a special rate-case classification referred to as "de novo fact trial."[2] *See* James R. Eissinger, *Judicial Review of Findings of Fact in Contested Cases Under APTRA*, 42 Baylor L.Rev. 1, 11 (1990). The latter category of review was used in rate-making cases, and is similar to pure trial de novo review except the agency's decision is admissible at trial. *See* *Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 571 S.W.2d 503, 507 (Tex.1978); *Lone Star Gas Co. v. State*, 137 Tex. 279, 153 S.W.2d 681, 695 (1941). The de novo fact trial is not applicable here.

■ Under a "pure trial de novo" review, the reviewing tribunal conducts an independent fact-finding proceeding in which new evidence is taken and all issues are deter-

mined anew. *See* *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 289 (Tex. App.—Houston [1 st Dist.] 1992, no writ). The agency's or board's decision is automatically vacated and the reviewing body substitutes its discretion for that of the agency. *See* *Gilder v. Meno*, 926 S.W.2d 357, 365 (Tex.App.—Austin, writ denied).

■ "Pure substantial evidence" review is at the opposite end of the spectrum. Under this standard, the agency's decision is not automatically vacated. *See* *Gilder*, 926 S.W.2d at 366. Rather, the reviewing tribunal looks only at the record made before the agency or board and determines whether the agency's findings are reasonably supported by substantial evidence. *See* *Imperial Am. Resources Fund, Inc. v. Railroad Comm'n*, 557 S.W.2d 280, 285 (Tex.1977). The agency's decision carries a presumption of legality and validity that may only be set aside if the evidence as a whole is such that reasonable minds could not have reached the conclusion reached by the agency. *See* *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986). In other words, the reviewing tribunal is concerned with the reasonableness, not the correctness, of the administrative order. *See* *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex.1994). Under this standard the agency's decision may be set aside where a party was not afforded due process because of fraud, bad faith, or an abuse of discretion. *See* *Central Educ. Agency v. Upshur County Comm'rs Court*, 731 S.W.2d 559, 562 (Tex. 1987).

■ The third type of review—"substantial evidence de novo"—is a hybrid. Like pure trial de novo, the reviewing tribunal may hear any evidence *in existence at the time of the administrative hearing* regardless of whether it was introduced at the administrative hearing. *See* *Board of Trustees of Big Spring Firemen's Relief and Retirement Fund v. Firemen's Pension Comm'r*, 808 S.W.2d 608, 612 (Tex.App.— Austin 1991, no writ). The trial court is to

---

**2.** The Administrative Procedure and Texas Register Act (APTRA) does not apply to this appeal because appraisal review boards do not have statewide jurisdiction. Therefore, appraisal review boards are not "agencies" within the meaning of APTRA. *See* TEX GOV'T CODE ANN. § 2001.003(7) (Vernon Supp. Pamph.1998).

examine the evidence presented before it, rather than the evidence presented to the administrative agency, to determine whether the required support existed.[3] *See id.* at 612–613.

"Substantial evidence de novo" review resembles "pure substantial evidence" review in virtually all other respects. The administrative order being reviewed is given the same deference as in a "pure substantial evidence" review, i.e., it will be set aside only if it is arbitrary, capricious, unlawful or not reasonably supported by substantial evidence. *See Gilder,* 926 S.W.2d at 371(Jones, J., dissenting). Thus, despite the introduction of new evidence at the review hearing, the inquiry in a "substantial evidence de novo" review is purely a question of law, and the proceeding is truly an appeal. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). Consequently, the reviewing tribunal may not substitute its judgment for that of the agency on controverted issues of fact. *See Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988); *Brinkmeyer,* 662 S.W.2d at 956. "If there is substantial evidence which supports the order, the courts are bound to follow the discretion of the administrative body." *Brinkmeyer,* 662 S.W.2d at 956.

■ G.E. American contends the proper standard of review under § 25.25(g) is pure trial de novo.[4] It relies on a recent amend-

ment to Section 42.01 of the Tax Code which became effective on January 1, 1998:

Sec. 42.01. RIGHT OF APPEAL BY PROPERTY OWNER

A property owner is entitled to appeal:

(1) an order of the appraisal review board determining:

(A) a protest by the property owner as provided by Subchapter C of Chapter 41; *or*

(B) a determination of an appraisal review board on a motion filed *under Section 25.25;* or ...

TEX. TAX CODE ANN. § 42.01 (Vernon Supp. 1998) (emphasis added). Under this new provision, review of appraisal review board determinations under section 25.25 are now incorporated into Chapter 42. As G.E. American argues in its brief, the right to appeal Section 25.25 determinations under Chapter 42 is significant because district court review under Chapter 42 is by trial de novo. *See* TEX. TAX CODE ANN. § 42.23 (Vernon 1992). Both World Houston and G.E. American contend this amendment was enacted to clarify the legislature's intent regarding the proper standard of review under section 25.25(g), and should be retroactively applied to review proceedings occurring prior to the amendment. At the very least, they argue, we should use this amendment as a guide in reaching our conclusion in this case. However, in amending these sections, the legislature included a general savings clause:

---

**3.** This aspect of the substantive evidence de novo standard of review has been criticized by commentators. *See, e.g.,* Thomas R. Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 Sw. L.J. 239 (1969). In his article on substantial evidence review, former Justice Reavley noted the incongruity in judging the actions of an administrative agency by evidence that may or may not have been presented to the agency at the time of the administrative hearing:

> The trial court has no way of knowing why the agency acted or even what evidence it considered. Much of the evidence introduced in the trial court was not even compiled, and certainly not considered, at the time of the agency hearing. What does substantial evidence before the trial court indicate as to the wisdom or reason of the agency's decision?

*Id.* at 242. However, substantial evidence de novo continues to be recognized as a viable standard of review. *See, e.g., Nueces Canyon Consol.*

*Ind. Sch. Dist. v. Central Educ. Agency,* 917 S.W.2d 773 (Tex.1996).

**4.** In its brief, G.E. American cites several cases which it believes illustrate that trial de novo is the proper standard of review under section 25.25(g). *See Comdisco, Inc. v. Tarrant County Appraisal Dist.,* 927 S.W.2d 325 (Tex.App.—Fort Worth 1996, writ ref'd); *Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.,* 905 S.W.2d 318 (Tex.App.—Dallas 1995, writ denied); *Himont U.S.A., Inc. v. Harris County Appraisal Dist.,* 904 S.W.2d 740 (Tex.App.—Houston [1 st Dist.] 1995, no writ); *Collin County Appraisal Dist. v. Northeast Dallas Assoc.,* 855 S.W.2d 843 (Tex.App.—Dallas 1993, no writ). While a passing reference is made to trial de novo, the standard of review under section 25.25(g) was never a contested issue in these cases.

This Act applies to each tax year that begins on or after the effective date of this Act. The changes in law made by this Act do not apply to ad valorem taxes imposed before the effective date of this Act, and the law as it existed before the effective date of this Act is continued in effect for those purposes.

Act of June 19, 1997, S.B. 841, § 50(b), 75 th Leg., R.S. It is apparent from this clause that the legislature did not intend the amendment to apply here because the taxes at issue were imposed prior to January 1, 1998.

■ Notwithstanding the general savings clause, the amendment is some evidence that the legislature intended Section 25.25(g) to serve as an appeal. In *Harris County Appraisal Dist. v. World Houston, Inc.,* we concluded the "review" authorized by Section 25.25(g) is very limited. *See* 905 S.W.2d at 596. Because the legislature did not use the term "appeal," but spoke in terms of a "suit to compel," we did not interpret Section 25.25(g) as an "appeal" in the traditional sense. *See id.* Hence, we held in that case:

> The scope of the "review"under this statute is strictly limited to ascertaining whether the review board performed its mandatory responsibilities under section 25.25.
>
> \* \* \*
>
> The legislature authorized a trial court to act only in those cases where its authority is necessary to compel the review board to comply with its duties under this section. Those duties include holding required hearings, taking evidence, or making the actual corrections to the appraisal role.

*Id.* at 595–96. Without altering the language of Section 25.25(g), the legislature amended Section 42.01 which now describes the cause of action authorized by Section 25.25(g) as an "appeal." We conclude, therefore, that the legislature intended the suit described in Section 25.25(g) to function as a traditional appeal and not merely as a safeguard insur-

ing the observance of procedural due process. We disavow all language to the contrary in *Harris County Appraisal Dist. v. World Houston, Inc.* Accordingly, an appeal under Section 25.25(g) requires a substantive review of the proceedings and decision of the appraisal review board.

■ In its motion for summary judgment, the Galveston Central Appraisal District cited the above language from our former opinion in *Harris County Appraisal Dist. v. World Houston, Inc.* Based on that language, it argued that G.E. American could not challenge the appraisal value of its property in the district court. G.E. American's first point of error is sustained.[5]

However, while we find the amendment to Section 42.01 helps illuminate the legislature's original intent regarding the degree of substantive review afforded to a property owner under a Section 25.25(g) appeal, we are not persuaded that it also demonstrates their intention that appellate review, prior to the amendment, was to be by a trial de novo. First, when trial de novo is the proper standard, it is ordinarily provided by statute. *See e.g.,* TEX. TAX CODE ANN. § Ch. 42.23 (Vernon 1992); TEX.CODE CRIM. PROC. ANN. art. 44.17 (Vernon Supp.1998). Neither Section 25.25 nor any other provision of the Tax Code, prior to the amendment of Section 42.01, suggests that a trial de novo is the proper standard of review in an appeal from the appraisal review board's decision on a correction motion.

Second, a pure de novo review makes the administrative hearing a mere formality and allows parties to circumvent the administrative structure established in the Tax Code. Under this standard of review, the administrative body's orders are nullified when the appeal is filed. In essence, the administrative function is transferred to the trial court, and the administrative body is denied use of the expertise granted to it by the legislature.

---

5. Although summary judgment may be a difficult remedy in ad valorem tax cases, our resolution of the G.E. American portion of this appeal should not be interpreted to preclude summary judgment in an appeal where the proper standard is substantial evidence de novo. Because the only question before the trial court is a question of law, appeals under substantial evidence de novo review are uniquely suited to summary judgment. *See Brinkmeyer,* 662 S.W.2d at 956; *Texas Employment Comm'n v. Hughes Drilling Fluids,* 746 S.W.2d 796, 803 (Tex.App.—Tyler 1988, writ denied).

As the Austin Court of Appeals wrote in *Gilder*, "[b]y conducting a second evidentiary hearing, the court severely undermines the authority and usefulness of the evidentiary hearing conducted by the agency." *Gilder*, 926 S.W.2d at 361. For these reasons, we cannot agree that the proper standard, prior to the amendment of Section 42.01, was pure trial de novo.

Substantial evidence review cannot have been the proper standard because there is no record from the appraisal review board hearing. Indeed, most administrative hearings in Texas do not have records. Requiring a record would be unduly burdensome on the appraisal review board, and would in effect mandate formalities which would lead to increased expense and inefficiency. Further, even when a record is made, the record is often not admissible before the trial court. *See*, Reavley, *supra*, at 241.

■ Thus, we believe the proper standard of review, prior to the amendment of Section 42.01, was substantial evidence de novo. This standard gives the appropriate level of deference to the appraisal review board's decision while still allowing a distinct, unbiased party to review the board's decision. Our decision is also consistent with cases holding that courts should revert to the pre-APA substantial evidence de novo review when the APA does not apply. *See Gilder*, 926 S.W.2d at 367, and cases cited therein. We conclude, therefore, that a district court must review an appraisal review board's order to ensure the board reached a reasonable decision. In conducting this review, the court may hear any and all evidence in existence at the time of the administrative hearing. The reviewing tribunal may also examine the order to ensure it was not tainted by fraud, bad faith or abuse of discretion, and to ensure that due process was afforded to the parties. Because we find that the correct standard of review under section 25.25(g) is substantial evidence de novo, G.E. American's second point of error is overruled.

In its third point of error, G.E. American complains the trial court erred in granting summary judgment because it raised a fact issue. In light of our disposition of G.E. American's first point of error, we need not reach this issue.

## WORLD HOUSTON'S APPEAL

The underlying dispute in the World Houston portion of this appeal concerns the appraised market value of nine tracts of land owned by World Houston. The property was originally appraised at $10, 711, 750.00 for the 1991 tax year. Because it disagreed with this appraised value, World Houston filed a motion to correct an error in the appraisal roll pursuant to section 25.25(d). After an evidentiary hearing on this motion, the Harris County Appraisal Review Board (HCARB) reduced the appraised value to $6, 677, 000.00. Not satisfied with this reduction, World Houston appealed to the district court pursuant to 25.25(g). The case was referred to arbitration, and the arbitrator's award was subsequently adopted in the trial court's judgment. The Harris County appellees then appealed to this court, arguing that arbitration was not available under section 25.25(g). *See World Houston*, 905 S.W.2d 594. We agreed, and reversed and remanded the cause to the trial court. *See id.*

On remand, the sole issue for determination was the correct standard of review to be employed by the trial court in a suit filed pursuant to section 25.25(g). The parties stipulated to the total market value of the property depending on the trial court's resolution of this issue. The trial court did not conduct a trial de novo and affirmed the HCARB's order by granting judgment for the Harris County appellees. World Houston now appeals this decision.

World Houston complains in its sole point of error the trial court erred by adopting the wrong standard of review. World Houston contends the proper standard in an appraisal case is a pure trial de novo. As we have discussed above, the proper standard of review under section 25.25(g) is substantial evidence de novo, not pure trial de novo. Accordingly, World Houston's sole point of error is overruled, and the trial court's judgment is affirmed.

In conclusion, we hold the appropriate standard of review under section 25.25(g) before the amendment of Section 42.01, was

substantial evidence de novo. Accordingly, the trial court's judgment as to World Houston is affirmed. Because the defendants' motion for summary judgment against G.E. American was based on the erroneous notion that the only substantive review of an appraisal is by way of an appeal after the denial of a protest under Section 42.01, we reverse the trial court's judgment as to G.E. American and remand the cause to the trial court to conduct the appropriate review and determine whether, based on the evidence submitted, the GCARB's decision is reasonably supported by substantial evidence and is otherwise free from fraud, bad faith, and an abuse of discretion.