BENMAR PLACE, L.P. by and through its Authorized Agent, PATRICK O'CONNOR & ASSOCIATES, INC., Appellant,

v.

HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.

No. 14–97–00925–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1999.

Rehearing Overruled July 15, 1999.

Hugh L. McKenney, Houston, for appellant.

G. Todd Stewart, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and DRAUGHN.*

## OPINION

MURPHY, Chief Justice.

In this ad valorem tax case, Benmar Place ("appellant") appeals a summary judgment rendered in favor of the Harris County Appraisal District and Harris County Appraisal Review Board ("appellees"). In two points of error, appellant contends the trial court erred in granting summary judgment on the grounds that (1) appellees' summary judgment proof did not entitle them to judgment as a matter of law, and (2) genuine issues of material fact existed precluding rendition of summary judgment. We sustain appellant's first point of error and reverse and remand the cause to the trial court.

* Senior Justice Joe L. Draughn sitting by as-

## I. BACKGROUND

In June 1995, appellant purchased an office building in Houston from the Metropolitan Life Insurance Company. The total sales price for this property was $1,500,000, which included both the real and miscellaneous personal property. However, the Harris County Appraisal District valued the property at $2,000,000 for tax year 1995.

Appellant did not protest this appraised value with the appraisal review board under Chapter 41 of the Tax Code; instead, it filed a motion in January 1996 to correct the appraisal error under section 25.25(d) of the Tax Code. See TEX. TAX CODE ANN. § 25.25(d) (Vernon 1992). Section 25.25(d) does not authorize the correction of an error unless the appraised value exceeds the correct appraisal value by more than one-third. See id. Because appellant considered the fair market value of the personal property to be $9800, and therefore, the market value of the real property to be less than $1,500,000, appellant contended that the appraisal value of $2,000,000 exceeded the correct appraisal value by more than one-third, thus entitling it to correction of the error under section 25.25(d).

In February 1996, a hearing was held by the Harris County Appraisal Review Board. The review board found the value of the property to be $1,750,000, and therefore, not in excess of the appraisal value by more than one-third. Consequently, the review board issued an order denying appellant's request for substantial error correction. In March 1996, appellant filed suit in district court under section 25.25(g) of the Tax Code seeking to compel the review board to order a change in the appraisal roll. See id. § 25.25(g). In May 1997, appellees filed a motion for summary judgment which was granted by the trial court. In two points of error, appellants bring this appeal challenging the rendition of summary judgment by the trial court in favor of appellees.

signment.

## II. Summary Judgment Standard

The standards for reviewing a motion for summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing a summary judgment granted on behalf of a defendant, the court must first determine whether the defendant's summary judgment proof entitled it to judgment as a matter of law. *See Griffin v. Methodist Hosp.*, 948 S.W.2d 72, 74 (Tex. App.—Houston [1st Dist.] 1997, no writ).

## III. Tax Code Remedies

All taxable property is appraised at its market value on January 1 of each year. *See* Tex. Tax Code Ann. § 23.01 (Vernon 1992). This evaluation is made by an appraisal district. *See id.* § 6.01. Relying on these evaluations, the appraisal district creates an appraisal roll which is subsequently distributed to the various taxing units. Because errors, clerical as well as judicial, may lead to an incorrect evaluation, the legislature has established two methods by which to challenge a tax appraisal. *See id.* §§ 41.41, 25.25(d).

The method offering the greatest advantage to the property owner is the filing of a protest with the appraisal review board. *See id* . § 41.41. If his protest is filed timely, the property owner is entitled to appear before the review board and offer evidence and argument in support of his protest. *See id.* §§ 41.44, 41.45. If he is dissatisfied with the decision of the appraisal review board, the property owner has the right to appeal by arbitration or by a trial de novo in the district court. *See id.* §§ 42.01, 42.21, 42 .23. The district court's judgment is, in turn, subject to review by this Court. *See id.* § 42.28.

If a property owner fails to timely file a protest as outlined in Chapter 41, a second, more limited challenge may be made by filing a correction motion with the appraisal review board to rectify an error that resulted in an incorrect value for his land. *See id.* § 25.25(d). The correction motion is designed to correct clerical errors and *substantial* judicial errors which resulted in the appraised value of the property exceeding by more than one-third its correct market value. *See id.* The property owner is entitled to a hearing on his motion and may present evidence and argument on his behalf. *See id.* § 25.25(e). Formerly, there was no statutory provision for an appeal from such determination. In 1991, however, the legislature amended the statute to authorize a property owner to "file suit to compel the board to order a change in the appraisal roll as required by this section." *Id.* § 25.25(g).

## IV. Analysis

In its first point of error, appellant contends the trial court erred in granting appellees' motion for summary judgment on the ground that appellees' summary judgment proof did not entitle them to judgment as a matter of law. Specifically, appellant challenges the two grounds presented by appellees in which they assert: (1) review by the trial court pursuant to section 25.25(g) is strictly limited to determining whether the review board performed its mandatory duties under section 25.25 of the Tax Code; or, alternatively, (2) the trial court should apply the substantial evidence standard in its review of the board's decision.

In the first of their two summary judgment grounds, appellees asserted that ap-

pellant could not maintain a cause of action under section 25.25(g) because the trial court is strictly limited to ascertaining whether the ARB performed its mandatory responsibilities under section 25.25. The appellees relied upon our decision in *Harris County Appraisal District v. World Houston, Inc.*, 905 S.W.2d 594 (Tex.App.—Houston [14th Dist.] 1995),[1] in which we held that section 25.25(g) manifested the legislature's intent that a trial court "act only in those cases where its authority is necessary to compel the review board to comply with its duties under this section." *Id.* at 596. Specifically, those duties include "holding required hearings, taking evidence, or making the actual corrections to the appraisal roll." *Id.; see also* TEX. TAX CODE ANN. § 25.25(d) (Vernon 1992). Thus, appellees argued, because the ARB had held a meeting, received evidence from appellant, and determined that no correction was allowed under the circumstances, the ARB had performed its duties under 25.25(g), and consequently, there remained nothing for the trial court to compel the board to do. However, we have since disavowed the above language in *World Houston* and have concluded that an appeal under section 25.25(g) requires a substantive review of the proceedings and decision of the appraisal review board. *See G.E. Am. Communication v. Galveston Cent. Appraisal Dist.*, 979 S.W.2d 761, 766 (Tex.App.—Houston [14th Dist.] 1998, no pet. h.). A brief overview of our decision in *G.E. American* will be helpful to resolving the issues currently before us on appeal.

The underlying facts in *G.E. American* are very similar to those in the present case. Dissatisfied with the appraisal district's valuation of certain equipment it owned, G.E. American filed a motion to correct a substantial error under section 25.25(d). *See id.* at 763. After the appraisal review board held a hearing and subsequently denied G.E. American's motion,

G.E. American filed suit in district court to compel the board to order a change in the appraisal roll under section 25.25(g). *See id.* The Galveston County appellees moved for summary judgment on the ground that G.E. American could not raise the issue of valuation in a section 25.25(g) lawsuit. *See id.* The trial court granted summary judgment and G.E. American appealed the decision. *See id.* On appeal, G.E. American argued, *inter alia*, that the trial court had erred in concluding that it could not conduct a substantive review of the appraisal review board's decision. *See id.* We therefore had to determine what standard the trial court should have employed in its review of the proceeding.

In our analysis, we considered the recent amendment to section 42.01 of the Tax Code which became effective on January 1, 1998:

Sec. 42.01.   Right of Appeal by Property Owner

A property owner is entitled to appeal:

(1) an order of the appraisal review board determining:

(A) a protest by the property owner as provided by Subchapter C of Chapter 41; *or*

(B) a determination of an appraisal review board on a motion filed *under Section 25.25;* or . . . .

TEX. TAX CODE ANN. § 42.01 (Vernon Supp. 1998) (emphasis added). We recognized that the right to appeal section 25.25 determinations under Chapter 42 is significant because district court review under Chapter 42 is by trial de novo. However, we also noted that, in amending these sections, the legislature had included a general savings clause:

This Act applies to each tax year that begins on or after the effective date of this Act. The changes in law made by this Act do not apply to ad valorem

---

1. Our opinion in *World Houston* was subsequently overruled by our decision in *G.E. American Communication v. Galveston Central*

*Appraisal District*, 979 S.W.2d 761 (Tex. App.—Houston [14th Dist.] 1998, no pet. h.).

taxes imposed before the effective date of this Act, and the law as it existed before the effective date of this Act is continued in effect for those purposes. Act of June 19, 1997, S.B. 841, § 50(b), 75th Leg., R.S. Concluding that the amendment did not apply to the taxes at issue because they had been imposed prior to January 1, 1998, we nevertheless found that "the legislature intended the suit described in Section 25.25(g) to function as a traditional appeal and not merely as a safeguard insuring the observance of procedural due process." *G.E. Am. Communication*, 979 S.W.2d at 766. We accordingly disavowed all language to the contrary in *Harris County Appraisal District*, 905 S.W.2d at 595, and held that an appeal under section 25.25(g) requires a substantive review of the proceedings and decision of the appraisal review board. *See G.E. Am. Communication*, 979 S.W.2d at 766.

We recognized that while the amendment to section 42.01 is helpful in clarifying the legislature's original intent as to the degree of substantive review a property owner should be afforded under a section 25.25(g) appeal, we determined that such review, prior to the amendment, was not intended to be by a trial de novo. *See id.*[2] Instead, we concluded that the proper standard of review, prior to the amendment of section 42.01, was substantial evidence de novo.[3] We held that under this standard,

a district court must review an appraisal review board's order to ensure the board

reached a reasonable decision. In conducting this review, the court may hear any and all evidence in existence at the time of the administrative hearing. The reviewing tribunal may also examine the order to ensure it was not tainted by fraud, bad faith or abuse of discretion, and to ensure that due process was afforded to the parties.

*Id.* at 767; *see also Gilder v. Meno*, 926 S.W.2d 357, 365 (Tex.App.—Austin 1996, writ denied); *Board of Trustees of Big Spring Firemen's Relief and Retirement Fund v. Firemen's Pension Comm'r*, 808 S.W.2d 608, 612 (Tex.App.—Austin 1991, no writ). Based on the foregoing analysis, we held the trial court erred in concluding it could not conduct a substantive review of the appraisal review board's decision, and consequently, sustained G.E. American's first point of error.

In their first summary judgment ground, appellees in the present case contended the scope of review by the trial court under section 25.25(g) is strictly limited to determining whether the review board performed its mandatory duties under section 25.25. In light of our conclusion in *G.E. American*—that an appeal under section 25.25(g) requires a substantive review of the proceedings and decision of the appraisal review board—appellees' first ground does not entitle them to summary judgment. The second ground which appellees presented in their motion was that the trial court should apply the substantial evidence standard in its review of the board's decision. Because we found

---

**2.** We reached this conclusion based on the following reasons: first, when trial de novo is the proper standard, it is customarily provided by statute; second, by conducting a pure de novo review, the administrative hearing is rendered a mere formality and permits parties to circumvent the administrative structure established in the Tax Code. *See G.E. Am. Communication*, 979 S.W.2d at 766.

**3.** In making this determination, we considered the four types of review from an administrative decision recognized by Texas courts: (1) pure trial de novo; (2) pure substantial evidence; (3) substantial evidence de novo;

and (4) a special rate-case classification referred to as "de novo fact trial." *See G.E. American*, 979 S.W.2d at 764–65; *see also* James R. Eissinger, *Judicial Review of Findings of Fact in Contested Cases Under APTRA*, 42 BAYLOR L.REV. 1, 11 (1990). After careful consideration, we concluded that the substantial evidence de novo standard "gives the appropriate level of deference to the appraisal review board's decision while still allowing a distinct, unbiased party to review the board's decision." *G.E. Am. Communication*, 979 S.W.2d at 767.

the correct standard of review under section 25.25(g) to be substantial evidence de novo, appellees' second ground can likewise not serve as a basis for the granting of summary judgment. In the absence of a proper ground, appellees were consequently not entitled to judgment as a matter of law. We sustain appellant's first point of error.

In its second point of error, appellant complains the trial court erred in granting appellees' motion because genuine issues of material fact existed, precluding the rendition of summary judgment. In light of our disposition of appellant's first point of error, we need not reach this issue.

We reverse the trial court's judgment and remand the cause to the trial court to conduct the appropriate review and to determine whether, based on the evidence submitted, the review board's decision is reasonably supported by substantial evidence and is otherwise free from fraud, bad faith, and an abuse of discretion.