**WESTERN ATHLETIC CLUBS, INC. and Western Athletic Clubs of Texas, Inc., Appellants,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.**

No. 07–00–0328–CV.

Court of Appeals of Texas, Amarillo.

Aug. 8, 2001.

G. Walter McCool, Morgan & McCool, Dallas, for appellant.

Mario L. Dell'Osso, Olson & Olson, Houston, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

REAVIS, Justice.

Our opinion of August 1, 2001 is withdrawn and in lieu thereof the Court issues the following opinion. The judgment of August 1, 2001 is unaffected. Presenting a case of first impression involving section 25.25(b) [1] of the Texas Tax Code, Western Athletic Clubs, Inc. and Western Athletic Clubs, of Texas, Inc. (Western) contends the trial court erred in denying its motion for summary judgment and granting the motion for summary judgment of Harris County Appraisal District (District) and Harris County Appraisal Review Board (Board), and rendering judgment that Western take nothing on its action filed on April 29, 1999. Pursuant to section 41.45(f) of the Code, Western filed suit seeking an order directing the Board to schedule and hold a hearing on its notice of protest for tax years 1983 through 1987. By its first and second issues, Western contends the trial court erred because it was entitled to a hearing on its protest. By issues three and four, Western contends it was entitled to an order granting its motion to correct the appraisal rolls for tax years 1983 through 1987. Based upon the rationale and authorities expressed herein, we affirm.

For tax years 1983 through 1995, Western rendered its personal property in accordance with the District's guidelines regardless of whether the improvements had been permanently affixed to the real estate. Based on the guidelines, the leasehold improvements were appraised by the District as "personal property" and not fixtures to real estate for each tax year. Western filed a motion pursuant to section 25.25(c)(2) requesting that the Board correct multiple appraisals of the leasehold improvements and the resulting excessive valuation of Western's personal property account for tax years 1991 through 1995. In response, the Board issued an order correcting the appraisal rolls for tax years 1991 through 1995 to delete the value of the leasehold improvements from Western's personal property account. By its brief, Western acknowledges that before the adoption of the amendment to section 25.25(b) effective September 1, 1997, the Code did not provide a remedy to correct an error for a tax year earlier than 1991.

---

1. All references herein are to the Texas Tax Code Annotated (Vernon 1992 & Supp.2001), unless otherwise provided.

Following adoption of rules by the Board of Directors of the District as authorized by section 25.25(b), on November 9, 1998, Western filed forms requesting that the chief appraiser change the appraisal rolls for tax years 1983 through 1987 under section 25.25(b) and the Board rules. After the chief appraiser notified Western by letter dated December 1, 1998, that he was unable to approve Western's request for tax years 1983 through 1987, by its letter of January 4, 1999, Western sent a notice of protest of the denial of 1983 through 1987 Prior Year Correction Request to the Board. Replying to that notice, counsel for the Board notified Western that the Board did not possess the express authority to review or change the appraisal records pursuant to section 25.25(b). Western filed suit against the District and Board on April 29, 1999.

By its original petition Western alleged that it filed a motion to correct the 1983 through 1987 appraisal pursuant to section 25.25(b) and, in addition to other relief, sought an order directing the Board to schedule and hold a hearing on its notice of protest pursuant to section 41.45(f). The District and Board responded by general denial, without asserting any affirmative defenses. As grounds[2] for their motion for summary judgment the District and Board contended that:

- Tax Code Section 41.45(f) does not apply to a correction requested pursuant to Tax Code Section 25.25(b).

- Section 25.25(b) does not provide for either a "motion" or "protest" to correct the appraised value, therefore the account was not eligible for correction for 1983–1987.

- Western was not entitled to relief under Sections 42.25 (Remedy for Excessive Appraisal) and Section 42.26 (Remedy for Unequal Appraisal), because these remedies are not available after the appraisal rolls have been approved for the tax year and Western had no remedy pursuant to Chapter 42 based upon a correction request under Section 25.25(b).[3]

Without responding or objecting to the motion for summary judgment, Western filed its motion for summary judgment. As grounds, Western contended that:

- Western was entitled to a hearing on its protest because

  (a) The denial of Western's correction motions is a proper subject of a notice of protest and Western is entitled to a hearing on its protest; and

  (b) The tax authorities purported delegation of unlimited authority over Section 25.25(b) motions is irrelevant or not applicable in this case.

- Western was entitled to the corrections sought by their section 25.25(b) motions.[4]

The District and Board responded to Western's motion and alleged that (1) relief granted for prior years under section 25.25(c) was not controlling as to tax years 1983 through 1987, (b) changes made for 1988 and 1990 pursuant to section 25.25(b) did not apply to tax years 1983 through 1987; (c) objected to the affidavit and conclusions of the tax agent in support of Western's motion as not being competent summary judgment evidence and other matters. Before we commence our analysis of the issues, we first set out the appropriate standard of review.

2. Tex.R. Civ. P. 166a(c) requires that a motion for summary judgment shall state the specific grounds for the motion.

3. For purposes of brevity, grounds have been summarized.

4. *Id.*

## Standard of Review

■ For a party to prevail on a traditional motion for summary judgment under Rule 166a(c), he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), the Court set out the standard by which we are to review a summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex.App.—Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 341 (Tex.1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex.R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex.1989).

■ Where, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, on appeal, we review the summary judgment evidence of both sides and determine all questions presented, and render judgment the trial court should have rendered. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex.1999). *Greg Lair, Inc. v. Spring*, 23 S.W.3d 443, 446 (Tex.App.— Amarillo 2000, pet. denied).

■ Although Western does not present separate argument on its four issues, in our analysis, we will consider issues one and two together and issues three and four together. By issues one and two, Western contends the trial court erred in denying its motion for summary judgment and granting the motion of the District and Board because it was entitled to a hearing on its protest. We disagree. Although the current version of section 25.25(b) was not considered in *G.E. American v. Galveston Cent. Appraisal*, 979 S.W.2d 761, 763–64 (Tex.App.—Houston [14th Dist.] 1998, no pet.), the summary of the Tax Code remedies set forth therein is helpful to our analysis. As there noted, because clerical and judicial errors may lead to an incorrect evaluation, the Legislature has established two methods of challenging a tax appraisal. *Id.* at 763. According to

*G.E. American,* the protest procedure pursuant to section 41.41 affords the greatest advantage to a taxpayer. *Id.* If a protest[5] is timely filed, the taxpayer is entitled to a hearing to present evidence and argument, and then is authorized to appeal by a trial *de novo* in district court. §§ 42.01, 42.21, and 42.23. Also, a taxpayer may file a correction motion with the appraisal review board under section 25.25. However, this remedy is more limited than a protest challenge under section 41.41.

Western's notice of protest for tax years 1983 through 1987, dated January 4, 1999, stated in part as follows:

> **Reasons for Protest** Chief Appraiser denied motion filed pursuant to section 25.25(b) of the Texas Tax Code. This action applies to and adversely affects the property owner, and is subject to protest pursuant to section 41.41(a)(9).

Section 25.25 entitled "Correction of Appraisal Roll" contains 13 subsections; however, only six subsections are material to our analysis. Subsection (a) provides that the appraisal roll may not be changed except as provided by section 25.25 and chapters 41 and 42.

Under subsection (c) subject to a five year limitation, the appraisal review board may change the appraisal roll on motion of the chief appraiser or a property owner. Also, per subsection (d) before the taxes become delinquent, a property owner may file a motion with the appraisal review board to correct an error. If the chief appraiser and the property owner are unable to agree to a correction, subsection (e) provides:

> a party bringing a *motion* under Subsection (c) or (d) is entitled on request to a

hearing on and a determination of the motion by the *appraisal review board.*

(Emphasis added). According to subsection (m), "[t]he hearing of a motion under Subsection (c) or (d) shall be conducted in the manner provided by Subchapter C, Chapter 41."

### Section 25.25 (b)

As amended effective September 1, 1997, subsection (b), as material to Western's claim, provides:

> The *chief appraiser* may change the appraisal roll at any time to correct a name or address, a description of property, or a clerical error or other inaccuracy *as prescribed by board rule* that does not increase the amount of tax liability. Before the 10th day after the end of each calendar quarter, the chief appraiser shall submit to the appraisal review board and to the board of directors of the appraisal district a written report of each change made under this subsection that decreases the tax liability of the owner of the property....

(Emphasis added). Without citation of authority, Western contends its notice of protest based upon the denial of its motion filed pursuant to subsection (b) entitled it to a hearing of its motion under section 41.41(a)(9), which is in subchapter C, entitled "Taxpayer Protest." However, an analysis of all relevant subsections compels our decision to the contrary.

Although subsections (c) and (d) contemplate the presentation of motions to and corrective action by the appraisal review board, subsection (b) does not (1) contemplate the filing or presentation of any motion or protest, or (2) authorize the

---

5. The word "protest" is firmly a part of the new Property Tax Code. *See* 21A Jay D. Howell, Jr., Texas Practice § 1121 (West 2001). The term "protest" as used in subchapter C of

the Code and the term "motion" as used in section 25.25(b) are not synonymous and are emphasized to demonstrate the distinction.

appraisal review board to change the appraisal roll. Moreover, although subsection (e) authorizes presentation of motions made under subsections (c) and (d) to the appraisal review board and subsection (m) provides that the hearings shall be conducted in the manner provided by subchapter C, chapter 41, these provisions that afford access to a hearing by the board do not include a request for change under subsection (b). Moreover, subsection (b) does not provide for review of any action by the chief appraiser, and District rules adopted as authorized by subsection (b) provide that "[t]he decision of the chief appraiser on a correction under Sec. 25.25(b) is final and not subject to review by the appraisal review board." Accordingly, we conclude that Western was not entitled to a hearing before the Board and that subsection 25.25(b) does not give the Board statutory authority to review the chief appraiser's decision under section 25.25(b). Further, a motion filed under subsection (b) is not a predicate for a hearing under chapter 41. Issues one and two are overruled.

By issues three and four, Western contends it is entitled to an order granting its motion to correct the appraisal rolls for tax years 1983 through 1987. We disagree. Although Western candidly acknowledges that the rules promulgated by the District pursuant to subsection 25.25(b) are entitled to great judicial deference, *Bower v. Edwards County Appraisal Dist.*, 752 S.W.2d 629, 633 (Tex.App.—San Antonio 1988, writ denied), Western argues that the District rules which provide that the decision of the chief appraiser is final and is not subject to review by the Board improperly abrogate Western's right to protest the chief appraiser's decision pursuant to section 41.41(a)(9). Western's argument is based on its contention that it had a statutory right to protest under section 41.45(f). However, the protest that

Western presented was predicated upon section 25.25(b) which, as discussed, was not a predicate for a hearing on a protest. Accordingly, as suggested by the District and Board, the rules could not and do not impose any additional burden, condition, or restriction in excess of, or inconsistent with the statute. Further, because subsection (b) expressly provides that changes made by the chief appraiser may not increase the amount of tax liability, any decision of the chief appraiser could not adversely affect Western's tax liability.

Western concludes its argument by asserting that because the Board and District had made changes in the appraisals for later years, it was entitled to an order changing the appraisals for tax years 1983 through 1987. However, because Western did not present estoppel as a ground for its motion for summary judgment, *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 805 (Tex.1994), or present it in writing to the trial court, the contention presents nothing for review. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex.1989). Issues three and four are overruled.

Accordingly, the judgment of the trial court is affirmed.