Opinion issued July 10, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00276-CV

———————————

## SANDRA BREWER, Appellant

## V.

## COLLEGE OF THE MAINLAND, Appellee

———————————

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10-CV-0474**

———————————

## O P I N I O N

Sandra Brewer, a former employee of College of the Mainland, sued the College contending it retaliated against her for filing a complaint of sexual harassment by her supervisor. The trial court granted summary judgment in the

College's favor, and Brewer challenges that ruling on appeal.  We affirm.

## Background

The summary-judgment evidence showed many of the undisputed relevant background facts.  Brewer worked for the College part-time from February 2006 until December 2008.  Initially, Brewer worked as an assistant to Dean Al Bass of the Physical Education, Leisure Activity, and Wellness Department.  In March 2008, Bass reassigned Brewer to work the front desk of the gymnasium.

On July 5, 2008, all part-time employees of the College were informed that they would be required to re-interview and go through the hiring process to continue their employment.  On July 30, 2008, Brewer filed a written complaint against Bass in which she alleged that Bass abused power, made poor management decisions, and behaved inappropriately by, among other things, asking her to "spy" on other members of the department and report back to him.  Brewer's complaint did not include any allegation of sexual harassment.  In August 2008, Brewer's immediate supervisor, Tige Cornelius, demoted her to "on-call" status and suspended her for several weeks for attending a meeting during working hours without permission.

On October 17, 2008, Brewer filed a sexual harassment complaint against Bass, alleging that Bass made sexual comments to Brewer and others and touched

2

Brewer inappropriately on a number of occasions. The College investigated and determined that no sexual harassment had occurred, but that "unprofessional, consensual conversation of a sexual nature" did occur. It required Bass to attend counseling and sexual harassment training and refrain from sexually harassing behavior. Brewer filed a grievance disputing the result of the investigation, which was denied.

Brewer's last day at the College was December 18, 2008, which was the last day before the College's winter break. She was told that Cornelius would call her in January 2009 to advise when the College wanted her to return to work. In January 2009, Brewer received a voicemail from Cornelius, in which he asked Brewer to go to work that day. Brewer did not go to work that day, nor did she return Cornelius's phone call.

In February 2009, Brewer filed a Charge of Discrimination with the EEOC asserting claims of race discrimination and retaliation. She received a right-to-sue letter and sued the College in February 2010, alleging race discrimination, sexual harassment, and retaliation.

In September 2012, the College moved for traditional and no-evidence summary judgment on all of Brewer's claims. It included in the motion a plea to

3

the jurisdiction in which it argued that Brewer failed to exhaust her administrative remedies on her sexual harassment claim.

Brewer amended her petition to abandon all of her claims except for her retaliation claim. Her first amended petition, like her original petition, alleged the following retaliatory acts:

> Plaintiff was questioned by others in the department about her complaints, sent home without pay for three weeks and one day, and demoted to a position that included doing janitorial work. Plaintiff was physically threatened by co-workers, isolated and ultimately let go by the Department. Plaintiff's last day in the Department was December 18, 2008.

On February 28, 2013, the trial court granted the College's plea to the jurisdiction on Brewer's sexual harassment claim and granted the College's summary judgment motions.

## Discussion

In her sole issue, Brewer contends that the trial court erred in granting summary judgment and the plea to the jurisdiction.

### A. Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch*

4

*Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When a party has filed both a traditional and no-evidence summary judgment motion, we typically first review the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we need not reach arguments under the traditional motion for summary judgment. *Ford Motor Co.*, 135 S.W.3d at 600. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

5

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## B. Applicable Law

Both Title VII and the Texas Commission on Human Rights Act prohibit employers from retaliating against employees for engaging in protected activities, including opposing a discriminatory practice, making a charge, or filing a complaint. *See* 42 U.S.C.S. § 2000e–3(a) (LexisNexis 2005); TEX. LAB. CODE ANN. § 21.055 (West 2006). The law governing retaliation claims under Title VII and the TCHRA is largely identical.[1] *See Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004); *see also* TEX. LAB. CODE ANN. § 21.001(1); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

---

[1] The TCHRA and Title VII are no longer analogous "where pay discrimination complaints are concerned," but there is no allegation of pay discrimination in this case. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012).

To establish a prima facie case under Title VII or the TCHRA, a plaintiff must show that (1) he participated in protected activity, (2) his employer took an adverse employment action against him, and (3) a causal connection existed between his protected activity and the adverse employment action. *See Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir. 1999) (Title VII); *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (TCHRA). The employee must establish that absent his protected activity, the adverse employment action would not have occurred when it did. *See Gumpert v. ABF Freight Sys., Inc.*, 293 S.W.3d 256, 262 (Tex. App.—Dallas 2009, pet. denied); *McMillon v. Tex. Dep't of Ins.*, 963 S.W.2d 935, 940 (Tex. App.—Austin 1998, no pet.). In other words, the plaintiff must prove that he would not have suffered an adverse employment action "but for" engaging in the protected activity. *Navy v. College of the Mainland*, 407 S.W.3d 893, 901 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (discussing causation requirement for retaliation claim brought under Title VII). The employee need not establish that the protected activity was the sole cause of the employment action. *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 377 (Tex. App.—Fort Worth 2006, no pet.).

To prove that a challenged action constitutes an adverse employment action,

7

the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, meaning that it could well have dissuaded a reasonable employee from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006); *Niu v. Revcor Molded Prods. Co.*, 206 S.W.3d 723, 731 (Tex. App.—Fort Worth 2006, no pet.).

When an employee establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a non-discriminatory reason for the adverse employment action. *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 554 (Tex. App.—Dallas 2006, no pet.). If the employer does so, the burden shifts back to the employee to show that the articulated reasons are pretextual. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 482 (Tex. 2001) (plaintiffs pursuing claims under TCHRA must "show that discrimination was a motivating factor in an adverse employment decision"). "To carry this burden, the plaintiff must rebut each non-discriminatory or nonretaliatory reason articulated by the employer." *Navy*, 407 S.W.3d at 900–01 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)).

## C. Analysis

Brewer contends that the College was not entitled to summary judgment on her retaliation claim because the summary-judgment evidence demonstrated that there was a fact issue regarding whether she was subjected to adverse employment actions that were causally connected to her sexual harassment complaint. Brewer supported her response to the motion for summary judgment with her own affidavit. In it, she averred that the College took the following retaliatory adverse actions after she filed her internal sexual harassment complaint in October 2008:

- Brewer was "questioned by others in the department about her complaints, . . . physically threatened by co-workers, [and] isolated."

- Brewer was "sent home without pay for three weeks and one day, and demoted to a position that included doing janitorial work."

- Brewer was terminated by the College in December 2008.[2]

Brewer also adduced evidence regarding actions taken against co-workers by Bass after Brewer filed her lawsuit against the College:

- After a co-worker, Jeannette Slaughter, was listed as a witness in Brewer's case, Bass told Slaughter that the lawsuit was his opportunity to "get her" and tried to bargain for Slaughter's silence by telling her that he wouldn't "tak[e] action" against her.

- Bass denied the request of Lindsey Sorenson, another co-worker, for a government clearance investigative report, unless she provided him

---

[2] Brewer also averred that her December 2008 termination was retaliation for filing her EEOC charge.

9

information regarding Brewer's case.

**1. No-Evidence Summary Judgment**

The College contended that there was no evidence to support the second and third elements of Brewer's claim of retaliation—that an adverse employment action occurred, and that there was a causal link between the protected activity and the adverse action.[3] Thus, Brewer bore the burden to adduce evidence raising a genuine issue of material fact as to both of these elements. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524.

**a. Questions, threats, and isolation of Brewer**

Brewer contends that she raised a fact issue by averring that she "was questioned by others in the department about her complaints, . . . physically threatened by co-workers, [and] isolated" after she filed her internal sexual harassment complaint. But Brewer's summary-judgment evidence does not identify who questioned her, nor does it describe the nature of the questions, or whether the College knew about the questioning. Likewise, Brewer did not identify who physically threatened her, nor did she describe the nature of the threats or whether the College knew about them. With respect to her statement that she was isolated, she gives no detail about how she was isolated or who was

---

[3]     It is undisputed that Brewer's October 17, 2008 internal sexual harassment complaint and her February 2009 EEOC complaint constitute protected activity.

involved.

The "discrimination laws are not designed to set forth a 'general civility code for the American workplace.'" *Carlton v. Houston Cmty. Coll.*, No. 01-11-00249-CV, 2012 WL 3628890, at \*19 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (quoting *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68, 126 S. Ct. at 2415). Merely being asked questions about a complaint, without more, would not dissuade a reasonable employee from making or supporting a charge of discrimination. *See Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68, 126 S. Ct. at 2415; *see also Cox v. Waste Mgmt. of Tex., Inc.*, 300 S.W.3d 424, 438 (Tex. App.—Fort Worth 2009, pet. denied) (employer's forcing employee to attend meeting with alleged harasser, where employee was questioned about complaint, was not adverse employment action for purposes of retaliation claim). Moreover, ostracism by fellow employees is not a materially adverse employment action that constitutes retaliation. *See Muniz v. El Paso Marriott*, 773 F. Supp. 2d 674, 682 (W.D. Tex. 2011).

Even assuming that the general questioning, threats, and isolation about which Brewer complains constituted adverse actions, the College would only be liable for them if "supervisory or management personnel . . . (1) orchestrated the harassment of the plaintiff by other employees, or (2) knew about the harassment

and acquiesced in such a manner as to condone it." *See McGowan v. City of Eufala*, 472 F.3d 736, 743 (10th Cir. 2006). Taking all of Brewer's evidence regarding these actions as true, she adduced no evidence raising a fact issue about whether the College's supervisory or management personnel orchestrated or knew about the questions, threats, or isolation. Accordingly, her evidence regarding these alleged adverse actions fails to raise a fact issue to defeat summary judgment. *See id.*

### b. Retaliation against Brewer's co-workers

Brewer next contends that she raised a fact issue by adducing summary-judgment evidence demonstrating that Bass retaliated against Brewer by trying to influence two of Brewer's co-workers, Slaughter and Sorenson, not to provide testimony in Brewer's favor and to provide Bass with information regarding Brewer's lawsuit, respectively. However, Brewer cites no authority, and we have found none, supporting Brewer's contention that a supervisor's retaliation against Brewer's co-workers, after Brewer no longer worked for the College, constitutes an adverse employment action against Brewer. Accordingly, this evidence does not raise a fact issue regarding whether an adverse employment action against Brewer occurred. *See Dias*, 214 S.W.3d at 676 (evidence must show adverse employment action against employee to survive summary judgment on retaliation

12

claim).

## 2. Traditional Summary Judgment

In its traditional motion, the College argued that the evidence conclusively proved that Brewer's alleged demotion and suspension cannot be the basis for her retaliation claim because they are not causally connected to her October 2008 sexual harassment complaint. Likewise, the College contends it conclusively proved that Brewer was not terminated in December 2008.

### a. Demotion and suspension

The College's summary-judgment evidence demonstrated that Brewer averred in her EEOC charge that her demotion to "on-call" status and her suspension without pay occurred in August 2008. The summary-judgment evidence also included Brewer's deposition, in which Brewer agreed that her demotion to "on-call" status and her suspension occurred before she filed her sexual harassment complaint in October. Accordingly, the College argued, Brewer could not show that her demotion and suspension were causally connected to her sexual harassment complaint, because they occurred before she made the complaint. *See Navy*, 407 S.W.3d at 901; *see also Allbritain v. Tex. Dep't of Ins.*, No. A-12-CA-431-SS, 2014 WL 272223, at *10 (W.D. Tex. Jan. 23, 2014) (where adverse action occurred before the protected activity, no retaliation claim could be

sustained because of the lack of causal link).

In her summary-judgment response, Brewer argued that, contrary to the College's claims, "[t]he retaliatory actions took place after the complaint and not before." However, the only evidence of an alleged demotion and suspension she presented in support of this argument was the following statement in her affidavit: "After I filed my internal complaint of discrimination, I was . . . sent home without pay for three weeks and one day, and demoted to a position that included doing janitorial work." Brewer did not address the College's evidence, including her own deposition testimony, showing that her demotion and suspension occurred in August 2008. Because the affidavit does not address its divergence from Brewer's earlier deposition testimony on this point, it cannot defeat the summary-judgment evidence showing that Brewer's demotion and suspension occurred in August 2008, before she filed her sexual harassment complaint. *See Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (if witness's affidavit contradicts earlier deposition testimony then affidavit must explain reason for change or court will assume sole purpose of affidavit was to avoid summary judgment). Accordingly, the summary judgment evidence showed that Brewer's suspension and demotion came before—and thus were not causally connected to—her sexual harassment complaint. *See Navy*, 407 S.W.3d at 901 (to

14

prevail on retaliation claim, evidence must show that plaintiff would not have suffered adverse employment action "but for" engaging in protected activity).

### b. Termination in December 2008

The College's summary-judgment evidence established that Brewer admitted that she was asked but declined to come to work in January 2009 and, therefore, Brewer could not survive summary judgment by claiming that she actually was terminated in December 2008.

Brewer's summary-judgment response did not address her admission in her deposition regarding her supervisor's request that she return to work in January 2009. The only summary-judgment evidence regarding her termination is in her summary-judgment affidavit, which says that she was "ultimately let go by the Department" and that her "last day in the Department was December 18, 2008." Because the affidavit does not address its divergence from Brewer's earlier deposition testimony on this point, it cannot defeat the summary-judgment evidence showing that Brewer was employed by the College after December 2008 and that she was asked to return to work but chose not to. *See Farroux*, 962 S.W.2d at 111 (if witness's affidavit contradicts earlier deposition testimony then affidavit must explain reason for change or court will assume sole purpose of affidavit was to avoid summary judgment).

15

Brewer also averred that her alleged termination in December 2008 was retaliation for filing her EEOC charge of race discrimination and retaliation. However, it is undisputed that Brewer filed her EEOC charge in February 2009, two months after she claims to have been terminated. Taking all of Brewer's evidence as true, the evidence fails to raise a fact issue regarding causation. *See Navy*, 407 S.W.3d at 901 (plaintiff must prove that he would not have suffered adverse employment action "but for" engaging in protected activity); *see also Allbritain*, 2014 WL 272223, at *10 (where termination occurred before filing of EEOC complaint, no retaliation claim could be sustained because of lack of causal link).

The trial court properly granted summary judgment on Brewer's only live claim, her retaliation claim. Brewer also complains about the grant of the College's plea to the jurisdiction which was directed solely at her sexual harassment claim, but Brewer abandoned that claim when she amended her petition in response to the plea. Accordingly, we overrule Brewer's sole issue.

16

## Conclusion

We affirm the judgment of the trial court.


                                    Rebeca Huddle
                                    Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.