ACCEPTED
01-14-01011-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/13/2015 10:15:14 PM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-14-01011-CV

IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/13/2015 10:15:14 PM

CHRISTOPHER A. PRINE
Clerk

# HOPE THERAPY,

## Plaintiff-Appellant

## vs.

# ST. ANTHONY'S HOSPITAL, JASON LEDAY, DERIC OUTLEY, AND VICTORIA BABINEAUX,

## Defendants-Appellees

On appeal from the 269th Judicial District Court of Harris County, Texas
Trial Court Cause No. 2012-74149

## APPELLEES' BRIEF

Troy Tindal
State Bar No. 24066198
17225 El Camino Real, Ste 190
Houston, Texas 77058
Tel: 832-404-2015
Fax: 832-408-7579
troy@tindallawfirm.com

## COUNSEL FOR APPELLEES

## ORAL ARGUMENT NOT REQUESTED

# PARTIES AND COUNSEL

The parties to the trial court's judgment and the names and addresses of all trial and appellate counsel are listed below. Tex. R. App. P. 38.1(a).

**Counsel for Defendants/Appellees:**

> Troy Tindal
> State Bar No. 24066198
> 17225 El Camino Real, Ste 190
> Houston, Texas 77058
> Tel: 832-404-2015
> Fax: 832-408-7579
> troy@tindallawfirm.com

**Counsel for Plaintiff/Appellant Hope Therapy:**

> Wayman L. Prince
> 9111 Katy Freeway, Suite 301
> Houston, Texas 77024
> Telephone: 713-467-1659
> Facsimile: 713-467-1686
> Email: wayman@wlplaw.com

**Appellant Hope Therapy**

> Wayman L. Prince
> 9111 Katy Freeway, Suite 301
> Houston, Texas 77024
> Telephone: 713-467-1659
> Facsimile: 713-467-1686
> Email: wayman@wlplaw.com

**Appellee Jason LeDay**

c/o Troy Tindal
State Bar No. 24066198
17225 El Camino Real, Ste 190
Houston, Texas 77058
Tel: 832-404-2015
Fax: 832-408-7579
troy@tindallawfirm.com

## **<u>Appellee Deric Outley</u>**

c/o Troy Tindal
State Bar No. 24066198
17225 El Camino Real, Ste 190
Houston, Texas 77058
Tel: 832-404-2015
Fax: 832-408-7579
troy@tindallawfirm.com

## **<u>Appellee Victoria Babineaux</u>**

c/o Troy Tindal
State Bar No. 24066198
17225 El Camino Real, Ste 190
Houston, Texas 77058
Tel: 832-404-2015
Fax: 832-408-7579
troy@tindallawfirm.com

# TABLE OF CONTENTS

PARTIES AND COUNSEL ................................................................................... i

INDEX OF AUTHORITIES ................................................................................ v

STATEMENT REGARDING ORAL ARGUMENT ......................................... vii

STATEMENT OF THE CASE ........................................................................... vii

STATEMENT OF JURISDICTION .................................................................... x

ISSUES PRESENTED ........................................................................................ x

STATEMENT OF THE FACTS ........................................................................... 1

SUMMARY OF THE ARGUMENTS ................................................................. 2

ARGUMENTS AND AUTHORITIES ............................................................... 6

    I.  Standards of Review ........................................................................... 6

        a)  Traditional Summary Judgment Standard of Review. .................... 6

        b.  No-Evidence Summary Judgment Standard of Review. ................. 7

    ISSUE ONE: Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment when the summary judgment record establishes that at the time its suit was filed, Plaintiff Hope Therapy lacked capacity and/or standing to bring this lawsuit. ........................... 8

        a)  Hope Therapy Lacked both Standing and Capacity to Bring Suit ................ 8

        b)  Hope Therapy provided no competent summary judgment evidence of its assumed name status ........................................................................ 9

        c)  Hope Therapy was not authorized to sue in the courts of the State of Texas ............................................................................................................ 11

        d)  Hope Therapy lacked standing and/or capacity to bring this lawsuit because Hope Therapy was not a party to any of the contracts at issue. .......... 13

        e)  Appellees-Defendants, who were not parties to the contracts and are not named in the contracts, could not be sued in their individual capacities. ... 14

ISSUE TWO: Whether the trial court committed reversible error in granting Appellees' Traditional and No-Evidence Motion for Summary Judgment on Hope Therapy's breach of contract claims. ...........................................................16

    a) The alleged oral promises made by the Defendants are unenforceable under the suretyship provision of the statute of frauds. ..**Error! Bookmark not defined.**

ISSUE THREE: Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment on Hope Therapy's claim for negligent infliction of emotional distress...........................................17

    a) Plaintiff's Emotional Distress Claim Is Not Cognizable under Texas Law. .................................................................. **Error! Bookmark not defined.**

ISSUE FOUR: Whether the trial court committed reversible error in granting Appellees' No-Evidence Motion for Summary Judgment, and denying Appellant's Traditional Motion for Summary Judgment, when there was no evidence of one or more essential elements of Hope Therapy's claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with a contract. ..........18

    a) The trial judge properly considered Appellant's summary judgment evidence. ......................................................................................................19

    b) Self-Serving testimony cannot support a motion for summary judgment. ......................................................................................................20

CONCLUSION ...............................................................................................22

CERTIFICATE OF SERVICE ............................................................................24

**Cases**

*Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845 (Tex. 2005) ..........................21

*Benmar Place, L.P. ex rel. Patrick O'Connor & Associates, Inc. v. Harris Cnty. Appraisal Dist.,* 997 S.W.2d 284 (Tex. App.— Houston [14th Dist.] 1999, no pet.) ...........................................................................18

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993) ...................................................... 16, 30

*Brewer v. College of the Mainland*, 441 S.W.3d 723 (Tex. App.— Houston [1st Dist.] 2014, no pet.) ............................................................... 18, 19

*Brown v. Mesa Distributors, Inc.*, 414 S.W.3d 279 (Tex. App.— Houston [1st Dist.] 2013, pet. denied) ....................................................................34

*Calvillo v. Gonzalez,* 922 S.W.2d 928 (Tex. 1966) ...................................................31

*Chapa v. Traciers & Assocs.*, 267 S.W.3d 386 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). ...........................................................................30

*Chrissikos v. Chrissikos*, 2002 WL 342653 (Tex. App.—Dallas 2002, pet. denied) ...........................................................................................................29

City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671(Tex. 1979) ............22

Cornelison v. Newberry, 932 S.W.2d 729 (Tex. App.—Waco 1996, no writ) ...................................................................................................33

*Dolcefino v. Randolph*, 19 S.W.3d 906 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). ...........................................................................33

*Dynegy, Inc. v. Yates*, 422 S.W.3d 638 (Tex. 2013) ..................................................29

*El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d 247 (Tex. App.–Houston [1st Dist.] 1995, writ denied) ...............................................24

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004) ......................................34

*Klentzman v. Brady*, 312 S.W.3d 886 (Tex. App. Houston [1st Dist.] 2009, pet. granted) .....................................................................................22

*Laven v. THBN, LLC*, 2014 WL 6998098 (Tex. App.—Houston [14th Dist.] Dec. 11, 2014, no pet. h.) (mem op.) ...............................................19

*May v. Ticor Title Ins.*, 422 S.W.3d 93 (Tex. App.–Houston [14th Dist.] 2014, pet. denied) ................................................................... 25, 27

Melartin v. CR & R, Inc., No. 14–05–00519–CV, 2009 WL 972484 (Tex. App.–Houston [14th Dist.] Mar. 24, 2009, no pet.) (mem. op.)). ..................................................................19

*Nat'l Family Care Life Ins. Co. v. Fletcher*, 57 S.W.3d 662 (Tex. App.—Beaumont 2001, pet. denied). ................................ 25, 27

*Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546 (Tex. 1985)...............................31

*Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659 (Tex. 1996)......................................................................21

*OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726 (Tex. App.—Dallas 2007, pet. denied)...........................................25

*Place, L.P. ex rel. Patrick O'Connor & Associates, Inc. v. Harris Cnty. Appraisal Dist.,* 997 S.W.2d 282 (Tex. App.— Houston [14th Dist.] 1999, no pet.) ..........................................................18

*Randall's Food Mkts., Inc. v. Johnson*, 891 S.W2d 640 (Tex. 1995) ....................19

Rizkallah v. Conner, 952 S.W.2d 580 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ..........................................................34

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993)...............21

Travis v. City of Mesquite, 830 S.W.2d 94 (Tex.1992) .........................................22

*Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex. 1993)................................ 31, 35

**Statutes**

TEX. BUS. & COM. CODE ANN. § 26.01 .......................................................... 15, 28

TEX. BUS. ORGS. CODE ANN. § 9.051(b) (West).....................................................23

**Rules**

TEX. R. CIV. P. 166a(c ............................................................................... 18, 31, 35

TEX. R. CIV. P. 166a(i) ................................................................................. 20, 29

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary as the issues are uncomplicated and purely legal in character.

## STATEMENT OF THE CASE

### Nature of the Case:

Appellant sued the Appellees alleging numerous causes of action for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with contract arising out of a transaction between Hope Therapy and St. Anthony's Hospital, under which Hope Therapy was allegedly engaged to manage an outpatient program of the hospital.

### Course of Proceedings and Trial Court's Disposition:

Plaintiff, Hope Therapy, sued St. Anthony's Hospital, a/k/a LTHM Houston-Operations LLC d/b/a St. Anthony's Hospital, Jason LeDay, Deric Outley, and Victoria Mae Babineaux, alleging breach contract arising out of a partial hospitalization department management agreement.

On October 13, 2014, Defendants filed a Traditional Motion for Summary Judgment on the following bases: (1) that Hope Therapy lacked standing to bring its lawsuit as Hope Therapy was not a validly formed entity authorized to conduct

business in the State of Texas; (2) that Hope Therapy's breach of contract claim was barred by the statute of frauds, being a claim in the nature of a suretyship obligation that was not memorialized in writing; (3) that Hope Therapy's claim for negligent infliction of emotional distress was not a cognizable claim under Texas law.

On October 13, 2014, Defendants also filed a No-Evidence Motion for Summary Judgment on the basis that Hope Therapy had produced no evidence to support its claims for claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with contract.

Defendants' Partial Traditional and No-Evidence Motions for Summary Judgment were heard by the trial court on or about November 10, 2014.

On or about November 12, 2014, the trial court signed an order granting Defendants' Partial Traditional Motion for Summary Judgment on the basis of lack of capacity, finding that Hope Therapy was not a validly formed and existing domestic business entity, nor a foreign entity authorized to conduct business in Texas, including the right to bring suit in a Texas court. (C.R. 136-37). Also on November 12, 2014, the court signed an order granting Defendants' Partial Traditional and No-Evidence Motions for Summary Judgment, determining that "fatal defects exist as to one or more essential elements of Plaintiff's claims for

breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference," and ordering that Plaintiff Hope Therapy take nothing by its claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with a contract. (C.R. at 135-35).

On or about October 29, 2014, Hope Therapy filed a motion to refer the case to mediation. On or about October 30, 2014, Hope Therapy filed a Motion for No-Evidence Summary Judgment and a Motion for Final Traditional Summary Judgment. On November 12, 2014, the trial court denied Plaintiff's motion to refer the case to mediation, denied Plaintiff's Motion for No-Evidence Summary Judgment, and denied Plaintiff's Motion for Final Traditional Summary Judgment. (C.R. at 138).

On November 19, 2014, Hope Therapy filed a Motion to Vacate, Modify Correct or Reform the Interlocutory Summary Judgment Granted to Defendants on November 12, 2014, which the trial court denied pursuant to its order dated December 2, 2014. (C.R. 139-153; 160).

On or about November 24, 2014, Hope Therapy filed a "Motion for Suggestion of Bankruptcy filed by Defendants on July 14, 2014," seeking to stay the trial court proceedings in light of the bankruptcy filing by LTHM Houston-Operations, LLC.

On December 30, 2014, the trial court granted Hope Therapy's Motion for Suggestion of Bankruptcy only as to Defendant LTHM Houston-Operations, LLC d/b/a St. Anthony's Hospital, and ordered that proceedings against the remaining Defendants may continue. (Appellant's Brief, Exh. I).

On or about December 18, 2014, Hope Therapy filed a Notice of Appeal.

## STATEMENT OF JURISDICTION

This Court has jurisdiction because this appeal is from a final summary judgment entered in a civil lawsuit before the 269th Judicial District Court of Harris County, Texas.

## ISSUES PRESENTED

**ISSUE ONE:** Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment when the summary judgment record establishes that at the time its suit was filed, Plaintiff Hope Therapy lacked capacity and/or standing to bring this lawsuit because Hope Therapy had no corporate charter, and was not authorized to conduct business in the State of Texas.

**ISSUE TWO:** Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment on Hope Therapy's breach of contract claims when the alleged oral promises made by the Defendants are unenforceable under the suretyship provision of the statute of frauds.

**ISSUE THREE:** Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment on Hope Therapy's claim for negligent infliction of emotional distress when such a claim is not cognizable under Texas law.

**ISSUE FOUR:** Whether the trial court committed reversible error in granting Appellees' No-Evidence Motion for Summary Judgment, and denying Appellant's

Traditional Motion for Summary Judgment, when there was no evidence of one or more essential elements of Hope Therapy's claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with a contract.

**TO THE HONORABLE COURT OF APPEALS:**

Appellees request that this Court affirm the trial court's order granting the Appellee-Defendants' Partial Traditional and No-Evidence Motions for Summary Judgment on Appellant Hope Therapy's claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with contract.

## STATEMENT OF FACTS

St. Anthony's Hospital entered into an agreement with entities known as Hope, P.C. and Hope Therapy, LLC, whereby Hope would provide partial hospitalization department management services contingent upon receipt of certain Medicaid funding. Because of setoffs and chargebacks, largely attributable to Plaintiff's management, the Medicaid funding was much less than the parties anticipated. Plaintiff was paid its share through the time that the management agreement was cancelled for inadequate performance.

Jason LeDay, Deric Outley, and Victoria Babineaux are individuals who worked for St. Anthony's Hospital at the time of the transaction at issue. None of the three individual Defendants are personally named in any of the contracts made the basis of Hope Therapy's lawsuit.

1

At the time its suit was filed, Plaintiff Hope Therapy had no corporate charter, and was not authorized to conduct business in the State of Texas. (C.R. (C.R. 136-37). A diligent search of the Texas Secretary of State filing records shows no filings for any of the entities named in the alleged contracts on which Plaintiff's suit is based: "Hope, P.C." or "Hope Therapy, LLC." (*Id.* at Exh. D). There is no record that Plaintiff has filed a certificate of formation or other organizational documents as a domestic entity in Texas. *Id.* There is no record that Plaintiff has filed a certificate of authority to conduct business as a foreign entity in the State of Texas.

## SUMMARY OF THE ARGUMENT

**ISSUE ONE**. Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment when the summary judgment record establishes that at the time its suit was filed, Plaintiff Hope Therapy lacked capacity and/or standing to bring this lawsuit.

   a. Hope Therapy provided no competent summary judgment evidence of its valid corporate existence or assumed name. Hope Therapy has waived this issue by not presenting it to the trial court for consideration at the summary judgment stage. Instead, Defendants' summary judgment evidence showed that at the time Hope Therapy filed the lawsuit, it had no corporate charter, and was not authorized to conduct business in the State of Texas. Due to its

2

lack of corporate charter, pursuant to section 9.051(b) of the Texas Business Organizations Code, Hope Therapy was not authorized to sue in the courts of the State of Texas.

b. Hope Therapy lacked standing and/or capacity to bring this lawsuit because the undisputed evidence shows that "Hope Therapy" was not a party to any of the contracts at issue. The contract was executed by St. Anthony's Hospital and by two entities named "Hope, P.C." and "Hope Therapy, LLC."  Plaintiff provided no evidence, or insufficient evidence, at the summary judgment stage to establish that it was a party to any of the contracts at issue. Thus, there is no evidence of any privity of contract between Plaintiff Hope Therapy and any of the Defendants, and no evidence that Hope Therapy may sue to enforce the contracts as a third-party beneficiary.

c. The individual Defendants, Jason LeDay, Deric Outley, and Victoria Babineaux, lack the capacity to be sued individually because they were not parties to any of the contracts made the basis of Plaintiff's suit. The individual Defendants are not named anywhere in the contracts, and they were not intended to be parties to any of the contracts.

**ISSUE TWO**.  Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment, and denying Appellant's Traditional and No-Evidence Motions for Summary Judgment, on Hope Therapy's

breach of contract claims when the alleged oral promises made by the Defendants are unenforceable under the suretyship provision of the statute of frauds.

Hope Therapy presented insufficient evidence to show that Defendants breached any of the contracts at issue. Further, Defendants negated essential elements of Hope Therapy's breach of contract claim by conclusively proving a statute of frauds defense. Alleged oral promises made by the Defendants are unenforceable under the suretyship provision of the statute of frauds, which requires that "a promise by one person to answer for the debt, default, or miscarriage of another person" is "not enforceable unless the promise or agreement, or a memorandum of it, is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(2) (Vernon 2012). Hope Therapy failed to present any evidence to show that the suretyship provision of the statute of frauds did not apply.

**ISSUE THREE:** Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment on Hope Therapy's claim for negligent infliction of emotional distress when such a claim is not cognizable under Texas law.

Plaintiff's emotional distress claim fails as a matter of law, as such a claim is not a cognizable cause of action in Texas. The Texas Supreme Court has expressly declared that "there is no general duty not to negligently inflict emotional distress."

4

*Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex.1993) (overruling *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex. 1987)).

**ISSUE FOUR:** Whether the trial court committed reversible error in granting Appellees' No-Evidence Motion for Summary Judgment, and denying Appellant's Traditional Motion for Summary Judgment, when there was no evidence of one or more essential elements of Hope Therapy's claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with a contract.

The trial court properly granted Appellees' No-Evidence Motion for Summary Judgment because Hope Therapy failed to present legally sufficient probative evidence to support all elements of the Hope Therapy claims. Aside from Lily Woldu's affidavit, and conclusory statements made in Appellants' summary judgment filings and responsive pleadings, Appellant failed to attach any evidence or exhibits that would support any of its claims. Lily Woldu's deposition testimony cited in Appellant's brief, purporting to show Defendants' acts of fraud and breach of contract, is insufficient for a reversal of the trial court's judgment, as the testimony is self-serving, conclusory, and moreover, was not presented by Appellant at the summary judgment stage. Lily Woldu's affidavit is insufficient to support a summary judgment, or to create genuine issues of material fact to defeat Defendants' motion for summary judgment, because it is conclusory and does not provide specific factual information regarding the circumstances surrounding the alleged breach and the alleged acts of fraud.

## ARGUMENTS AND AUTHORITIES

### I. Standards of Review

a) Traditional Summary Judgment Standard of Review.

Review of a trial court's summary judgment is *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The standards of review are established:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Benmar Place, L.P. ex rel. Patrick O'Connor & Associates, Inc. v. Harris Cnty. Appraisal Dist.,* 997 S.W.2d 282, 284 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see* TEX. R. CIV. P. 166a(c).

"A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense." *Brewer v. College of the Mainland*, 441 S.W.3d 723, 729 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995).

6

The reviewing court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W2d 640, 644 (Tex. 1995).

"If a trial court grants summary judgment [sought on multiple independent grounds] without specifying the grounds for granting the motion, [reviewing courts] must uphold the trial court's judgment if any of the grounds are meritorious." *Brewer,* 441 S.W.3d at 729. Thus, when "a separate and independent ground that supports the trial court's judgment is not challenged on appeal, [the court] must affirm the judgment." *See Laven v. THBN, LLC*, 2014 WL 6998098, at *5 (Tex. App.—Houston [14th Dist.] Dec. 11, 2014, no pet. h.) (mem op.) (citing *Melartin v. CR & R, Inc.,* No. 14–05–00519–CV, 2009 WL 972484, at *4 (Tex. App.–Houston [14th Dist.] Mar. 24, 2009, no pet.) (mem. op.)). Similarly, when a party has filed "both a traditional and no-evidence summary judgment motion, [the appellate court] typically first review[s] the propriety of the summary judgment under the no-evidence standard." *Brewer*, 441 S.W.3d at 729. If summary judgment was properly granted, then the reviewing court need not reach the traditional summary judgment and must affirm. *Id.*

b. No-Evidence Summary Judgment Standard of Review.

With respect to a no-evidence motion for summary judgment, an appellate court reviews "the evidence in the light most favorable to the non-movant,

7

disregarding all contrary evidence and inferences." TEX. R. CIV. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* "Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.*

**ISSUE ONE: Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment when the summary judgment record establishes that at the time its suit was filed, Plaintiff Hope Therapy lacked capacity and/or standing to bring this lawsuit.**

a)   Hope Therapy Lacked both Standing and Capacity to Bring Suit

To bring suit and recover on a cause of action, plaintiff must have both standing and capacity; "standing" is a party's justiciable interest in the suit, and

8

"capacity" is a party's legal authority to go into court to prosecute or defend the suit. *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 848 (Tex. 2005).

A party has capacity when it has the legal authority to act, regardless of whether he has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996).

A party has standing when it is personally aggrieved, regardless of whether the party is acting with legal authority. *Nootsie, Ltd.*, 925 S.W.2d at 661. If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444-45 (Tex. 1993).

b) Hope Therapy provided no competent summary judgment evidence of its entity status.

Hope Therapy contends that the trial court's summary judgment and/or findings for Appellees were reversible error because the trial court failed to review and consider all of the summary judgment evidence presented by Hope Therapy. Specifically, Hope Therapy contends that the trial court erred in granting summary judgment for the Appellees on the basis of Hope Therapy's lack of capacity to do business in the State of Texas because it failed to consider evidence of Hope Therapy's DBA status. In support thereof, Appellant cites deposition testimony from Lily Woldu (C.R. 141-143) that Hope Therapy was a valid DBA authorized to do business in Texas.

9

However, this deposition testimony was not presented at the summary judgment stage. Appellant did not raise the issue of Hope Therapy's assumed name or DBA status at the summary judgment stage. Plaintiff did not attach any exhibits, affidavits, or other evidence reflecting its corporate status or authority to do business in the State of Texas in any of its summary judgment filings. (*See generally* C.R.). The only testimony was Lily Woldu's affidavit stating that "I was the prior owner of the business known as Hope Therapy," which does not identify any of the contracting parties.

An appellate court may not review an issue unless it was "actually presented to and considered by the trial court." *Klentzman v. Brady*, 312 S.W.3d 886, 900 (Tex. App. Houston [1st Dist.] 2009, pet. granted) (citing *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992)); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979) (holding that trial court may not grant summary judgment on ground not presented by movant in writing).

Instead, the summary judgment record establishes that at the time its suit was filed, Plaintiff Hope Therapy had no capacity and/or no standing to bring this lawsuit because Hope Therapy had no corporate charter, and was not authorized to conduct business in the State of Texas. (C.R. at Exh. D). A diligent search of the Texas Secretary of State filing records shows no filings for any of the entities named in the alleged contracts on which Plaintiff's suit is based: "Hope, P.C." or

"Hope Therapy, LLC." There is no record that Plaintiff has filed a certificate of formation or other organizational documents as a domestic entity in Texas. *Id.* There is no record that Plaintiff has filed a certificate of authority to conduct business as a foreign entity in the State of Texas. *Id.* Regardless of Appellant's argument that "the correct business entity was Hope Therapy DBA," "Hope Therapy DBA" was not a party to any of the contracts.

Therefore, at the time the lawsuit was filed, Hope Therapy lacked capacity and/or standing to bring this lawsuit because Hope Therapy had no corporate charter, and was not authorized to conduct business in the State of Texas.

c) Hope Therapy was not authorized to sue in the courts of the State of Texas.

Section 9.051(b) of the Texas Business Organizations Code provides as follows:

"A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter. This subsection does not affect the rights of an assignee of the foreign filing entity as:(1) the holder in due course of a negotiable instrument; or(2) the bona fide purchaser for value of a warehouse receipt, security, or other instrument made negotiable by law."

TEX. BUS. ORGS. CODE ANN. § 9.051(b) (West).

11

In addition, an entity which has forfeited its charter to conduct business in the State of Texas has no capacity to sue or defend a lawsuit in the state of Texas. *See generally El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d 247, 251 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (holding that corporation lacked capacity to sue after forfeiture of corporation's charter and its privileges to sue).

At the time Plaintiff's suit was filed, Plaintiff Hope Therapy had no capacity and/or no standing to bring this lawsuit because Hope Therapy had no corporate charter, and was not authorized to conduct business in the State of Texas. *See* Exhibit D.

As noted above, the Texas Secretary of State filing records showed no filings for any of the entities named in the alleged contracts on which Plaintiff's suit was based and no record that Plaintiff has filed a certificate of formation or other organizational documents as a domestic entity in Texas, or a certificate of authority to conduct business as a foreign entity in the State of Texas.

Plaintiff's claims clearly arise out of the transaction of business in Texas. Plaintiff's lawsuit seeks commissions that it alleges are owed under the Partial Hospitalization Department Management Agreement, whereby Hope Therapy was allegedly engaged to manage an outpatient program of St. Anthony's Hospital in Texas.

Therefore, Defendants are entitled to traditional summary judgment as a matter of law as to Plaintiff's claims on the basis that Plaintiff lacks the standing and/or capacity to sue.

d) Hope Therapy lacked standing and/or capacity to bring this lawsuit because Hope Therapy was not a party to any of the contracts at issue.

Hope Therapy presented no competent summary judgment evidence to show that it was a party to the contract such that it had standing and/or capacity to bring this lawsuit.

To prevail on a claim for breach of contract, a plaintiff must prove the following elements: (i) There is a valid contract; (ii) the plaintiff performed or tendered performance according to the terms of the contract; (iii) the defendant breached the contract; and (iv) plaintiff sustained damages as a result of the breach. *May v. Ticor Title Ins.*, 422 S.W.3d 93, 100 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); *Nat'l Family Care Life Ins. Co. v. Fletcher*, 57 S.W.3d 662, 669 (Tex. App.—Beaumont 2001, pet. denied).

In order to establish standing to maintain a breach of contract action, a plaintiff must show either direct privity or third-party beneficiary status. *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied). Privity is established by proving the defendant

was a party to an enforceable contract with either the plaintiff or someone who assigned its cause of action to the plaintiff. *Id.*

The contracts at issue were executed between St. Anthony's Hospital, Hope, P.C., and Hope Therapy, LLC. (Appellant's Brief, Exhs. A – C). The Partial Hospitalization Department Management Agreement (Appellant's Brief, Exh. A) and the Business Associate Agreement (Appellant's Brief, Exh. B), were executed between St. Anthony's Hospital and Hope P.C. The Equipment Agreement, (Appellant's Brief, Exh. C), was executed between St. Anthony's Hospital and Hope Therapy, LLC. Thus, there is no evidence of any privity of contract between Plaintiff and the Defendants, and Hope Therapy presented no evidence that it is entitled to enforce the contracts as a third-party beneficiary.

Therefore, the trial court properly granted traditional summary judgment for Defendants as a matter of law on all of Plaintiff's claims on the basis that the Plaintiff has neither standing nor capacity to bring this lawsuit, not having been a party to any of the contracts at issue.

e) <u>Appellees-Defendants, who were not parties to the contracts and are not named in the contracts, could not be sued in their individual capacities.</u>

Defendants lack the capacity to be sued individually because they are not parties to any of the contracts made the basis of Plaintiff's suit, they are not named

anywhere in the contracts, and they were not intended to be parties to any of the contracts. (Appellant's Brief, Exh. A – C).

To prevail on a claim for breach of contract, a plaintiff must prove the following elements: (i) There is a valid contract; (ii) the plaintiff performed or tendered performance according to the terms of the contract; (iii) the defendant breached the contract; and (iv) plaintiff sustained damages as a result of the breach. *May v. Ticor Title Ins.*, 422 S.W.3d 93, 100 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); *Nat'l Family Care Life Ins. Co. v. Fletcher*, 57 S.W.3d 662, 669 (Tex. App.—Beaumont 2001, pet. denied).

Plaintiff failed to show the first element required for a breach of contract claim, having failed to show that Defendants are parties to a valid contract. Defendants never signed any of the contracts. (Appellant's Brief, Exhs. A-C (containing no signatures of any aligned party with the Hospital). Defendants were never even named as parties to any of the contracts in the documents. Defendants are former employees of St. Anthony's Hospital, but were never intended to be individual parties to any of the purported contracts between St. Anthony's Hospital and the Plaintiff.

Therefore, Defendants cannot be sued in their individual capacities, and the trial court properly granted traditional summary judgment as a matter of law on Plaintiff's breach of contract claim.

**ISSUE TWO: Whether the trial court committed reversible error in granting Appellees' Traditional and No-Evidence Motion for Summary Judgment on Hope Therapy's breach of contract claims.**

Plaintiff alleged that the three Defendants, Ms. Babineaux, Mr. Outley, and Mr. LeDay, made oral representations to Plaintiff that they would personally and individually guaranty payment of management fees to Plaintiff under the Partial Hospitalization Department Management Agreement between Hope P.C. and St. Anthony's Hospital. Neither Ms. Babineaux, Mr. Outley, nor Mr. LeDay were parties to this contract, nor were they named anywhere in it.

These alleged oral promises made by the Defendants are unenforceable under the suretyship provision of the statute of frauds, which requires that "a promise by one person to answer for the debt, default, or miscarriage of another person" is "not enforceable unless the promise or agreement, or a memorandum of it, is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(2) (Vernon 2012); *Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 641-42 (Tex. 2013); *Chrissikos v. Chrissikos*, 2002 WL 342653, at *6 (Tex. App.—Dallas 2002, pet. denied).

Therefore, Appellees proved a conclusive statute of frauds defense to Appellant's claim for breach of contract. After Appellees met their initial burden

16

to prove the applicability of the statute of frauds defense, Appellant failed to meet its burden to establish any exception that would take the alleged oral promises out of the statute of frauds. *See, e.g., Dynegy, Inc.*, 422 S.W.3d at 641-42 (stating that once the moving party meets its initial burden establishing applicability of the statute of frauds, the burden then shifts to the opposing party to establish an exception that would take the verbal contract out of the statute of frauds).

Therefore, the Defendants' alleged oral promises to personally guaranty payment of management fees to Plaintiff are unenforceable under the statute of frauds, and the trial court properly granted Defendants' Motion for Traditional Summary Judgment as a matter of law on Plaintiff's breach of contract claim. The trial court properly granted Defendants' Motion for No-Evidence Summary Judgment, as Hope Therapy failed to come forward with any summary judgment evidence to raise a genuine issue of material fact on its claim for breach of contract as required by Rule 166a(i). TEX. R. CIV. P. 166a(i).

**ISSUE THREE: Whether the trial court committed reversible error in granting Appellees' Traditional Motion for Summary Judgment on Hope Therapy's claim for negligent infliction of emotional distress.**

The Texas Supreme Court has expressly declared that "there is no general duty not to negligently inflict emotional distress." *Boyles v. Kerr*, 855 S.W.2d 593, 597(Tex.1993) (overruling *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex. 1987)). This reasoning has been applied to dismiss claims for negligently

inflicted mental anguish and its physical manifestations by our local courts of appeals. *Chapa v. Traciers & Assocs.*, 267 S.W.3d 386, 398 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

As there is no legal precedent for Plaintiff's claim for "Negligent Infliction of Emotional Distress" (Section VI of Plf's First Amd. Pet.), this claim fails as a matter of law, and the trial court properly granted traditional summary judgment for the Appellees-Defendants.

**ISSUE FOUR: Whether the trial court committed reversible error in granting Appellees' No-Evidence Motion for Summary Judgment, and denying Appellant's Traditional Motion for Summary Judgment, when there was no evidence of one or more essential elements of Hope Therapy's claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with a contract.**

The trial court properly denied Appellant's Traditional Motion for Summary Judgment, and granted Appellees' No-Evidence Motion for Summary Judgment, because Appellant failed to meet its summary judgment burden to establish the elements of its claims for breach of contract, unjust enrichment, quantum meruit, common law fraud, negligent infliction of emotional distress, and tortious interference with contract.

According to the standard set forth by Texas law, a party moving for traditional summary judgment carries the burden of establishing that no genuine

issues of material fact issue exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex. 1993); *Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex. 1966).

a)  <u>The trial judge properly considered Appellant's summary judgment evidence.</u>

There is no basis for Appellant's contention on appeal that the trial court did not accurately evaluate Appellant's summary judgment evidence.  In response to Defendants' No-Evidence Motion for Summary Judgment, and in its own summary judgment filings, Appellant did not attach any supporting evidence or exhibits for the trial court to consider, apart from Lily Woldu's affidavit attached to Hope Therapy's Motion for Traditional Summary Judgment.  Instead, the evidence sought to be relied upon by Hope Therapy consists of approximately eight (8) conclusory statements regarding the circumstances of the transaction, which are outlined in Hope Therapy's summary judgment filings and responsive filings, self-serving deposition testimony from Ms. Woldu, and statements in Ms. Woldu's affidavit.  In Ms. Woldu's affidavit, she testified only that she is a licensed physical therapist, was the owner of the business known as Hope Therapy, that her agreement to provide PHP services began in April of 2012 and terminated in November 2012, that she received compensation of over $28,000.00 under the

19

agreement between April and November of 2012, that she has received no other compensation under the agreement since termination of the agreement, and that she is familiar with the filings in the trial court including Plaintiff's Motions for Traditional and No-Evidence Summary Judgment. The Affidavit did not set forth or describe any circumstantial or direct evidence of acts of fraud or breach of contract by the Defendants. There was no documentary evidence attached to the affidavit. Although Appellant's brief cites deposition testimony from Lily Woldu in an attempt to support its contention that Defendants breached the contract and committed acts of fraud, these excerpts from Lily Woldu's deposition were not attached to Hope Therapy's Traditional Motion for Summary Judgment.

b) Self-Serving testimony cannot support a motion for summary judgment.

Further, the deposition excerpts and affidavit of Lily Woldu are conclusory, self-serving statements from an interested party. *See, e.g., Cornelison v. Newberry,* 932 S.W.2d 729, 731 (Tex. App.—Waco 1996, no writ) (stating that "[a] statement of an interested party, testifying as to what he intended, is self-serving, does not meet the standards for summary judgment proof, and will not support a motion for summary judgment"). Lily Woldu's affidavit and deposit testimony are conclusory and do not provide any specific factual information regarding the circumstances surrounding the alleged breach or alleged acts of fraud. Lily Woldu's affidavit does not explain how the contract was allegedly breached, describe any

20

misrepresentations that were made to her, or even identify how much money Ms. Woldu claims she is owed.

A conclusory statement is one that does not provide the underlying facts to support the conclusion and is not competent summary judgment proof. *See, e.g., Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). "An affidavit that states only legal or factual conclusions without providing factual support is not proper summary judgment evidence because it is not credible or susceptible to being readily controverted." *Brown v. Mesa Distributors, Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding that affidavit did not support summary judgment on a plaintiff's breach of contract claim where the affidavit made the conclusory statement that money was still owed under the lease but did not provide specific facts regarding the circumstances of the alleged breach); *Rizkallah v. Conner,* 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

Even if the deposition excerpts had been properly presented at the summary judgment stage, they would be insufficient evidence to support a grant of traditional summary judgment for Hope Therapy, and would be insufficient to raise genuine issues of material fact necessary to defeat Defendants' no-evidence motion for summary judgment. *See, e.g., Brown,* 414 S.W.3d at 287; *Rizkallah*, 952 S.W.2d at 587; *see also Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.

2004) (holding that non-movants must produce competent summary judgment evidence raising a genuine issue of material fact to defeat a no-evidence motion for summary judgment).

Therefore, the trial court properly decided traditional summary judgment as a matter of law in favor of the Appellees because Appellant failed to produce more than a scintilla of evidence sufficient to create a genuine issue of material fact.

## CONCLUSION

The trial court properly granted summary judgment for Appellees because they met their burden to prove that no genuine issues of material fact issue exist, entitling them to summary judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Wornick,* 856 S.W.2d at 733. First, Defendants were able to prove, as a matter of law, that Plaintiff lacked the capacity to sue because Plaintiff was not properly organized under the laws of the State of Texas. Second, Defendants' summary judgment evidence proved, as a matter of law, that Plaintiff lacked both standing and capacity to sue because Hope Therapy was not a party to any of the contracts made the basis of Plaintiff's suit. Third, Defendants conclusively proved that Plaintiff's claim for breach of contract was barred by the statute of frauds. Fourth, Plaintiff's negligent infliction of emotional distress claim failed as a matter of law, as Texas law does not recognize a cause of action for negligent infliction of

emotional distress.  In light of the above, the trial court properly granted traditional summary judgment for Defendants.

Respectfully submitted

**/s/ Troy Tindal on May 13, 2015**

_____
Troy Tindal
State Bar No. 24066198
troy@tindallawfirm.com
17225 El Camino Real, Ste 190
Houston, Texas 77058
Tel: 832-404-2015
Fax: 832-408-7579

**ATTORNEY FOR APPELLEES**

## CERTIFICATE OF SERVICE

This pleading was served upon the following counsel of record electronically and by regular mail in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure and Rule 9.5 of the Texas Rules of Appellate Procedure on the 13th day of May, 2015.

Wayman L. Prince
9111 Katy Freeway, Suite 301
Houston, Texas 77024
Telephone: 713-467-1659
Facsimile: 713-467-1686
Email: wayman@wlplaw.com

**/s/ Troy Tindal on May 13, 2015**

_____
Troy Tindal